JANE M. FLYNN, ESQ. (SBN 167466)
jane.flynn@fedex.com
**FEDERAL EXPRESS CORPORATION**
2601 Main Street, Suite 1100
Irvine, CA 92614
Telephone: (949) 862-4643
Facsimile: (901) 492-5641

Attorney for Defendant
FEDERAL EXPRESS CORPORATION,
successor in interest by merger to FEDEX
GROUND PACKAGE SYSTEM, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER PHILLIPS,<br><br>     Plaintiff,<br><br>vs.<br><br>FEDEX GROUND PACKAGE SYSTEM INC., a Delaware Corporation; FEDERAL EXPRESS CORPORATION, a Delaware corporation, successor by merger to FedEx Ground Package Systems, Inc.; DOES 1-100, inclusive,<br><br>     Defendants. | **Case No. 2:26-cv-2535**<br><br>**DEFENDANT'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER ARTICLE III OF THE U.S. CONSTITUTION AND 28 U.S.C. §§ 1332, 1441 AND 1446**<br><br>**[DIVERSITY JURISDICTION]**<br><br>Complaint Filed: November 6, 2025<br>Trial Date:  Not Set |

TO PLAINTIFF, HER ATTORNEYS, AND THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT defendant Federal Express Corporation, successor in interest by merger to FEDEX GROUND PACKAGE SYSTEM, INC., contemporaneously with the filing of this Notice, hereby effects the removal of this action from the Superior Court in the State of California County of San Bernardino to the United States District Court for the Central District of California. The removal is based on 28 U.S.C. sections 1332(a) and 1441(a.) In support of its Petition and Notice of Removal of Civil Action, defendant states and alleges as follows:

## JURISDICTION - DIVERSITY

1.      This Court has diversity jurisdiction over this action. It is a controversy between citizens of different states and therefore satisfies diversity of citizenship requirements as contemplated by Article III, Section Two of the United States Constitution and 28 U.S.C. §§1332 and 1441(b.) The Complaint contemplates more than $75,000 in controversy and thereby meets the amount in controversy requirement for diversity jurisdiction. Defendant timely filed its notice of removal.

## DIVISIONAL ASSIGNMENT

2.      This case is removed from the California Superior Court, San Bernardino County. Plaintiff alleges he worked for defendant in San Bernardino County and alleges wrongful acts occurred in San Bernardino County.

## THE STATE COURT ACTION

3.      On or about November 6, 2025, plaintiff Jennifer Phillips filed a civil action in the Superior Court of the State of California for the County of San Bernardino entitled "Jennifer Phillips, Plaintiff, vs. FedEx Ground Package System, Inc.; , successor in interest by merger to FedEx Ground Package System, Inc., and DOES 1 through 100, Defendants," state court case no. CIVSB2531811 (hereinafter, the "Complaint"). A true and correct copy of the Certificate of Assignment, Civil Cover Sheet, Complaint, Request to Waive Court Fees, Notice of Trial Setting Conference, Order on Court Fee Waiver, Proof of Service of Summons on FedEx Ground Package System, Inc., Amended Summons, Proof of Service on Federal Express Corporation are attached hereto as Exhibit "A."

4.      On November 12, 2025, plaintiff attempted service of process on FedEx Ground Package System, Inc., a defunct entity which no longer existed as of June 1, 2024. Defense counsel explained this to Plaintiff's counsel, who agreed to file an Amended Complaint naming successor in interest Federal Express Corporation. On February 9, 2026, Federal Express Corporation received notice of the service of the First Amended Complaint on its agent for service of process. On March 9, 2026,

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

PETITION AND NOTICE OF REMOVAL

Federal Express Corporation timely filed its Answer to the Complaint in the Superior Court of the State of California for the County of San Bernardino. A true and correct copy of the Answer is attached hereto as Exhibit "B."

5.    Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders filed in the state court action are attached hereto as Exhibits "A" and "B."

6.    The Complaint asserts the following causes of action: (1) Wrongful Termination in Violation of Public Policy; (2) FEHA — Discrimination (Cal. Gov't Code §§12900, et seq.); (3) FEHA- Failure to Prevent Discrimination, Harassment and Retaliation (Cal. Gov't Code §§12900, et seq., 12940(k)); (4) Failure Violation — Failure to Provide Reasonable Accommodations (Cal. Govt. Code §§ 12940(m), 12940 et. seq.); (5) Failure to Engage in the Interactive Process (Cal. Gov't. Code §§ 12940(m), 12940 et seq.); (6) Failure to Pay Reporting Time Wages; (7) Failure to Reimburse plaintiff for Expenditures Made on Employer's Behalf (Cal. Lab. Code § 2802); (8) Failure to Furnish Compliant Wage Statements (Labor Code §§ 226 and 226.3); (9) Waiting Time Penalties (Cal. Lab. Code §§ 201 through 203); (10) Failure to Produce Employment File (Cal. Lab. Code §1198.5); (11) Failure to Produce Wage Records (Cal. Lab. Code §226(b)) and (12) Unfair Competition (Cal. Bus. & Prof Code §§ 17200 et seq.).

## THERE IS COMPLETE DIVERSITY BETWEEN THE PARTIES

7.    Plaintiff is a citizen of the United States of America and of California. (*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("To be a citizen of a state, a natural person must first be a citizen of the United States.").)

8.    Plaintiff alleges "at all times relevant" she was an individual residing in the State of California. (Complaint ¶ 1, Exhibit "A" hereto.) Plaintiff alleges she worked for Defendant. She also alleges the wrongful acts occurred in San Bernardino County, California. (Complaint ¶¶ 13, 10, Exhibit "A" hereto.)

9.    On or about August 14, 2023, Defendant hired Plaintiff to work in San Bernardino County, California as a package handler. At that time, Plaintiff lived in

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

PETITION AND NOTICE OF REMOVAL

Bloomington, California. (Declaration of Kenia Solano ISO of Removal, at ¶ 4 and Exhibit "E" (Employee Data Sheet).) From the date of her hire until her termination on September 9, 2024, Plaintiff worked for defendant in in Bloomington, California. (Solano Decl., at ¶ 5 and Exhibit "F" Workday Profile.) According to public records available on Lexis, Plaintiff currently resides in Bloomington, California and has resided in California since 1989. (Declaration of Jane M. Flynn ISO of Removal, at ¶ 6 and Exhibit "D," Lexis Report.)

10.     On information and belief, Plaintiff is a citizen of California. (*Kanter,* 265 F.3d at 857 ("The natural person's state citizenship is then determined by his state of domicile, not his state of residence. A person's domicile is his permanent home, where he resides with the intention to remain or to which he intends to return.").)

11.     Plaintiff alleges defendant FedEx Ground Package System, Inc. was incorporated in Delaware and has its principal place of business in Memphis, TN. Plaintiff alleges effective June 1, 2024, Plaintiff alleges defendant Federal Express Corporation became the successor by merger to FedEx Ground Package System, Inc. (Complaint, ¶ 3, Exhibit "A" hereto.)

12.     Plaintiff alleges defendant Federal Express Corporation is a Delaware Corporation with its principal place of business in Memphis, TN. (Complaint ¶ 4, Exhibit "A" hereto.) Federal Express Corporation was incorporated in the State of Delaware on June 24, 1971. Since 1973, Federal Express Corporation's headquarters and principal place of business have been in Memphis, Tennessee. Federal Express Corporation's world headquarters and principal place of business are currently located at 3610 Hacks Cross Road, Memphis, Tennessee 38125. (Declaration of Shahram A. Eslami ISO Petition and Notice of Removal at ¶ 4.) High-level officers of Federal Express Corporation work at the Memphis world headquarters. These high-level officers direct, control, and coordinate the corporation's activities from the Memphis world headquarters. (Eslami Decl., at ¶ 4.) Federal Express Corporation conducts business throughout the United States and the world. (Eslami Decl., at ¶ 4.) Federal

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

(324769)                                4

PETITION AND NOTICE OF REMOVAL

Express Corporation is, and was when the Complaint was filed, a citizen of the States of Delaware and Tennessee.

13.     Federal Express Corporation is a wholly owned subsidiary of FedEx Corporation. (Eslami Decl., at ¶ 4.) FedEx Corporation was incorporated in the State of Delaware on October 2, 1997. Its headquarters and principal place of business are currently located at 942 South Shady Grove Road, Memphis, Tennessee 38120. FedEx Corporation is a publicly traded holding company with several wholly owned subsidiaries. Through its wholly owned subsidiaries, FedEx Corporation conducts business throughout the United States and the world. (Eslami Decl., at ¶ 3.) The majority of FedEx Corporation's high-level officers work at the corporation's Memphis headquarters. (Eslami Decl., at ¶ 3.) These high-level officers direct, control, and coordinate the corporation's activities from its Memphis headquarters.

14.     If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. (28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 599 U.S. 77, 92-93 (2010) ("[w]e conclude that the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.").) Both Federal Express Corporation and FedEx Corporation are citizens of Delaware and Tennessee.

15.     "Doe" defendants named but not served are not joined in this Notice of Removal. (*Savelson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984); *N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 272 (7th Cir. 1982).)

### THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

16.     In an action by a single plaintiff against a single defendant, all claims can be aggregated to meet the minimum jurisdictional amount. (*Bank of Cal. v. Twin Harbors Lumber Co.*, 465 F. 2d 489, 491 (9th Cir. 1972).)

17.     The amount in controversy may include general and special compensatory damages and attorney's fees recoverable by statute. (*Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).)

(324769)                                              5

PETITION AND NOTICE OF REMOVAL

18.     Plaintiff seeks recovery of reporting time pay for being sent home early, reimbursement for expenses incurred to use her personal telephone for work and purchase of a back brace and gloves each week, statutory penalties for failure to timely pay Plaintiff wages and send Plaintiff copies of her employment records and payroll records, past and future loss of income, past and future emotional distress damages, punitive damages, and attorney's fees. (Complaint, ¶ 23-28, 30-32, 38-40, 57, Prayer for Relief, Exhibit "A".)

19.     Plaintiff alleges her general and special damages exceed the minimum jurisdiction of the California Superior Court. (Complaint, ¶ 45, Exhibit "A.")

20.     Plaintiff alleges she is entitled to civil and statutory penalties resulting from defendant's failure to pay Plaintiff reporting time pay. (Complaint, ¶ 74, Exhibit "A.") Plaintiff alleges defendant is liable for statutory and civil penalties for failure to provide accurate wage statements. (Complaint, ¶ 79-80, Exhibit "A.") Plaintiff alleges defendant owes Plaintiff 30 days wages as a penalty for failure to timely pay her final wages upon termination of her employment. (Complaint, ¶ 82-83, Exhibit "A.")

21.     Plaintiff seeks statutory penalties for failure to provide her with a copy of her employment file under Labor Code 1198.5 and failure to provide her wage records under Labor Code 226(b). (Complaint, ¶ 85, 87, Exhibit "A.")

22.     In determining whether the amount in controversy exceeds $75,000.00, the Court must presume Plaintiff will prevail on every one of his claims. (*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002), *citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "Plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated").) The argument and facts set forth may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. (*Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843, n.1 (9th Cir.

PETITION AND NOTICE OF REMOVAL

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

2002) (*citing Willingham v. Morgan*, 395 U.S. 402, 407, n.3 (1969).)

**Past And Future Lost Wages**

23. Defendant terminated Plaintiff effective September 9, 2024. (Solano Decl, ¶ 6 Exhibit "G" California Employee Change in Status Notification.) At her time of termination, Plaintiff's wage rate was $19.75 per hour. (Solano Decl., at ¶ 7 and Exhibit "H" Earnings History Report.) Plaintiff was employed as a full-time package handler. (Solano Decl., at ¶ 5 and Exhibit "F" Workday Profile.) Forty hours per week at $19.75 per hour equates to a weekly rate of $790.

24. Since the September 9, 2024 termination, Plaintiff suffered 78 weeks of lost wages at $790 per week, or $61,620 in past lost wages.

25. When establishing the amount in controversy for purposes of diversity jurisdiction, Defendant is not limited to alleged lost wages incurred at the time of removal. In *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018), the Ninth Circuit held that "the amount in controversy is not limited to damages incurred prior to removal — for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)," but rather "is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious."

26. Courts have found that one year from the date of removal is a "conservative estimate of the trial date" in employment cases. (*Fisher v. HNTB Corp.*, 2018 U.S. Dist. LEXIS 205323, at *13 (C.D.Cal. Dec. 3, 2018); *Beltran v. Procare Pharm., LLC*, 2020 U.S. Dist. LEXIS 26098, at *7 (C.D.Cal. Feb. 14, 2020) (finding a one-year prospective trial date appropriate).) Assuming this case is tried to verdict within one year of removal, there are an additional $41,080 in past lost wage damages. Plaintiff seeks future lost wages, which are available under FEHA. If she prevails, her economic damages will increase.

27. Total past lost wages at the anticipated time of trial are $102,700.

**Emotional Distress Damage**

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

PETITION AND NOTICE OF REMOVAL

28.     Plaintiff alleges Defendant caused Plaintiff emotional distress and she seeks recovery of these alleged damages. Evidence of emotional distress damages awarded in similar cases can be considered in determining whether the amount in controversy requirement is met. (*Avila v. Kiewit Corp.*, No. CV 19-5740-MWF-JPR, 2019 U.S. Dist. LEXIS 167288, 2019 WL 4729641, at *3 (C.D. Cal. Sept. 26, 2019)).

29.     Plaintiffs who prevail in discrimination and retaliation claims often recover emotional distress damage awards. In *Amada Cordero v. Catwalk to Sidewalk Inc.*, *et al*; 2019 Jury Verdicts LEXIS 73006, Case No. VC066042, a part-time employee sued her former employer for disability discrimination, failure to accommodate, failure to engage in the interactive process, retaliation. The employee suffered a workplace injury, reported the injury to her employer, asked to be placed on light duty, and was terminated the next day. The jury awarded the employee $50,000 for past pain and suffering.

### Punitive Damages

30.     Plaintiff seeks punitive damages. Punitive damages are included when calculating the amount in controversy. (*Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332 (S.D. Iowa 1994).) If Plaintiff prevails and establishes the requirements of California Civil Code section 3294, the punitive damages alone could exceed the jurisdictional minimum. "To assess the amount of punitive damages that is appropriate in a given case, the court considers the nature of the defendant's wrongdoing, the amount of compensatory damages, and the wealth of the particular defendant." (*Am. Gen. Life & Accident Ins. Co. v. Findley*, 2013 U.S. Dist. LEXIS 41644, 48-49 (C.D.Cal. 2013).) The potential punitive damage award against a Fortune 100 defendant such as Federal Express Corporation alone may satisfy the amount in controversy requirement. In *Aucina v. Amoco Oil Co.*, 871 F.Supp. 332, 334 (S.D.Iowa 1994), the defendant-employer established that the amount in controversy exceeded the jurisdictional minimum where the former employee asserted

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

PETITION AND NOTICE OF REMOVAL

claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted the defendant was a Fortune 500 Company and that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct 'the plaintiff's claim for punitive damages' might alone exceed the jurisdictional minimum." (*Aucina*, 871 F.Supp. at 334.)

31.     In *Amada Cordero v. Catwalk to Sidewalk Inc.*, *et al*; 2019 Jury Verdicts LEXIS 73006, Case No. VC066042, the jury awarded the employee $160,000 in punitive damages.

## Attorneys' Fees

32.     Plaintiff seeks recovery of her attorney's fees. (Complaint, prayer for relief.) Attorney's fees are available under FEHA on Plaintiff's claims for disability discrimination, retaliation, and failure to accommodate. Attorney's fees are properly considered in determining the amount in controversy where, as here, such fees are recoverable by statute. (*Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)).

33.     Attorney's fees are not limited to those incurred up to removal. (*Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *Arias v. Residence Inn*, 936 F.3d 920, 928 (9th Cir. 2019)).

34.     When examining what is a reasonable amount of attorney's fees at issue in FEHA cases for purposes of diversity jurisdiction, courts have found prosecuting employment claims "undoubtedly require[s] substantial effort from counsel." (*Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D.Cal. 2002) ("[I]n [the Court's] twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages.").)

35.     The Court may take judicial notice of attorney's fee awards in similar cases. Cases in the Ninth Circuit firmly establish that statutory attorney's fees will be included as a basis for determining the jurisdictional amount in controversy. (*See Galt G/S*, 142 F. 3d at 1155-56.) In 2013, the Superior Court of Sacramento County

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

PETITION AND NOTICE OF REMOVAL

awarded a single plaintiff $367,378.50 in attorneys' fees under the Fair Employment and Housing Act on a claim for wrongful termination and discrimination. (*See Angel v. Sutter Health et al*, case number 2009-00055279.) In 2012, the Orange County Superior Court awarded a single plaintiff $295,535.50 in attorney's fees under the Fair Employment and Housing Act on a claim for disability discrimination and failure to accommodate. (*See Vargas v. City of Long Beach*, case number 30-2009-00126342.) In *Tarver v. City and County of San Francisco*, Case No. A1116731, unpublished, the California Court of Appeal upheld an attorney's fee award of $676,001 in a case involving a claim that the City failed to accommodate Tarver's disability, failed to prevent disability discrimination, and discriminated against Tarver based on his disability.

36.     Estimates by counsel are admissible to support the amount of fees at issue. (*Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D.Cal. 2002) ("The amount of fees commonly incurred in similar litigation can usually be reasonably estimated based on experience. Certainly, attorneys are often called upon by their clients before or at the outset of litigation to give an estimate of the fees likely to be incurred in prosecuting or defending a case to resolution.").) Defense counsel has over 30 years of experience litigating employment claims. In her opinion, if this case proceeds to trial, the attorney's fee exposure alone exceeds $75,000. (Flynn Decl. at ¶¶ 3, 4.)

37.     Removal of the case to federal court under Article III of the United States Constitution is available to Defendant because this is a civil action between citizens of different states and the amount in controversy, based upon Plaintiff's claims and verdicts in similar cases, exceeds $75,000.00, exclusive of interest and costs.

**REMOVAL IS TIMELY**

38.     The 30-day removal period runs when the party seeking to remove receives a "paper from which it may first be ascertained that the case is . . . removable." 28 U.S.C. § 1446(b)(3.)

(324769)                                                                    10

PETITION AND NOTICE OF REMOVAL

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

39.     Plaintiff served the Complaint on Defendant's agent for service of process, CT Corp, on February 9, 2026. (Flynn Decl., ¶ 5 and Exhibit "C.") Pursuant to 28 U.S.C. § 1446(b) (3), this case is being removed within thirty days of service of documents from which it could first be ascertained this case was removable.

**CONCLUSION**

Because this civil action is between citizens of different states and the matter in controversy is over $75,000.00, exclusive of interest and costs, this Court has original jurisdiction over it and Federal Express Corporation may remove the action to this Court under Article III of the United States Constitution and 28 U.S.C. §§1332 and 1441(b.) Federal Express Corporation respectfully requests this Court exercise its removal jurisdiction over this action.

DATED:  March 10, 2026

Respectfully submitted,

*/s/ Jane M. Flynn*

By: _____

JANE M. FLYNN
Attorney for Defendant
FEDERAL EXPRESS CORPORATION,
successor in interest by merger to
FEDEX GROUND PACKAGE
SUPPLY, INC.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

(324769)

11

PETITION AND NOTICE OF REMOVAL

EXHIBIT A
PETITION AND NOTICE OF REMOVAL

ELECTRONICALLY RECEIVED - 11/6/2025 1:17 PM - By: Andrea Enriquez, DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

JENNIFER PHILLIPS

Case No.: CIVSB2531811

vs.

**CERTIFICATE OF ASSIGNMENT**

FEDEX GROUND PACKAGE SYSTEM INC

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the SAN BERNARDINO District of the Superior Court under Rule131 and General Order of this court for the checked reason:

☐ General          ☐ Collection

| | Nature of Action | Ground |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district. |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20. Other _____ | |
| ☒ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| FedEx Ship Center | 945 S. Sunnyside Ave., |
|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | ADDRESS |

| San Bernardino | CA | 92408 |
|---|---|---|
| CITY | STATE | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on November 6, 2025 at Burbank, California.

/s/ Monique Gramling

Signature of Attorney/Party

Form # 13-16503-360
Mandatory Use

CERTIFICATE OF ASSIGNMENT

Rev. June 2019

PETITION AND NOTICE OF REMOVAL
EXHIBIT A, PAGE 12

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Monique Gramling SBN 315068 Lawyers for Employee and Consumer Rights<br>3500 West Olive Ave., 3rd Floor, Burbank CA 91505<br><br>TELEPHONE NO.: (323) 375-5101     FAX NO. : (323) 306-5571<br>EMAIL ADDRESS: mgramling@lfecr.com<br>ATTORNEY FOR *(Name)*: JENNIFER PHILLIPS, Plaintiff | ELECTRONICALLY FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br>11/6/2025 1:17 PM<br>By: Andrea Enriquez, DEPUTY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**
STREET ADDRESS: 274 West Third Street
MAILING ADDRESS: 274 West Third Street
CITY AND ZIP CODE: San Bernardino CA 92415
BRANCH NAME: San Bernardino District - Civil Division

CASE NAME:
JENNIFER PHILLIPS vs FEDEX GROUND PACKAGE SYSTEM INC., a Delaware Corporation

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited   [ ] Limited<br>(Amount       (Amount<br>demanded     demanded is<br>exceeds $35,000)  $35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CIVSB2531811 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 12
5. This case [ ] is [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 9/30/2025

Monique Gramling
(TYPE OR PRINT NAME)

▶ /s/ Monique Gramling
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                          **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner
      Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic
    relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. January 1, 2024]                    **CIVIL CASE COVER SHEET**                    **Page 2 of 2**

**For your protection and privacy, please press the Clear
This Form button after you have printed the form.**          | Print this form |   | Save this form |          | Clear this form |

PETITION AND NOTICE OF REMOVAL
EXHIBIT A, PAGE 14

Monique Gramling SBN 315068
Onyebuchi Okeke SBN 338730
Lawyers for Employee and Consumer Rights
3500 West Olive Avenue, Third Floor
Burbank, CA 91505
Phone: (323) 375-5101
Fax: (323) 306-5571
mgramling@lfecr.com
Attorneys for Plaintiff
JENNIFER PHILLIPS

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
11/6/2025 1:17 PM
By: Andrea Enriquez, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### SAN BERNARDINO COUNTY

| | |
|---|---|
| JENNIFER PHILLIPS, an individual<br><br>    Plaintiff,<br><br>vs.<br><br>FEDEX GROUND PACKAGE SYSTEM INC., a Delaware Corporation; and DOES 1 through 100, inclusive.<br><br>    Defendants,<br><br><br><br>UNLIMITED CIVIL MATTER | Case No: CIVSB2531811<br><br>COMPLAINT FOR:<br><br>1. **Wrongful Termination in Violation of Public Policy**<br>2. **FEHA – Discrimination (Cal. Govt. Code §§ 12900, *et seq.*)**<br>3. **FEHA – Failure to Prevent Discrimination, Harassment, and/or Retaliation (Cal. Gov't Code §§12900, *et seq.*)**<br>4. **FEHA Violation – Failure to Provide Reasonable Accommodation (Cal. Gov't Code § 12940(m), § 12940 et. seq.,)**<br>5. **FEHA Violation – Failure to Engage in Interactive Process (Cal. Gov't. Code § 12940(m), § 12940 et. seq.,)**<br>6. **Failure to Pay Reporting Time Wages (Cal.  Lab. Code §§ 204, 206, 216, 218.5, 218.6)**<br>7. **Failure to Reimburse PLAINTIFF for Expenditures Made on Employer's Behalf (Cal. Lab. Code § 2802)**<br>8. **Failure to Furnish Compliant Wage Statements (Cal. Lab. Code §§ 226 and 226.3)**<br>9. **Waiting Time Penalties ((Cal. Lab Code §§ 201 through 203)**<br>10. **Failure to Produce Employment File (Cal. Lab. Code § 1198.5)**<br>11. **Failure to Produce Wage Records (Cal. Lab. Code § 226(b))** |

Page 1

COMPLAINT

12. **Unfair Competition (Cal. Bus. & Prof. Code § 17200, *et seq*.)**

*JURY TRIAL DEMANDED*

JENNIFER PHILLIPS, Plaintiff, ("PLAINTIFF") hereby complains against FEDEX GROUND PACKAGE SYSTEM INC., ("DEFENDANT"), and Does 1-100, collectively DEFENDANTS, and each of them, and alleges as follows:

## I.

## THE PARTIES

1. Plaintiff JENNIFER PHILLIPS is and was, at all relevant times mentioned herein, an individual residing in the State of California.

2. PLAINTIFF is informed and believes, and based thereon alleges, that DEFENDANT FEDEX GROUND PACKAGE SYSTEM INC., is a Delaware corporation purportedly authorized to do business within the State of California with its principal place of business located in Township, Pennsylvania.

3. PLAINTIFF is unaware of the true names and capacities of the defendants sued herein as DOES 1 through 100, inclusive, and therefore sues them by such fictitious names. PLAINTIFF is informed and believes, and thereon alleges, that DOES 1 through 100, inclusive, are responsible in some manner for the occurrences, acts, and omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these defendants. Plaintiff will amend this complaint to allege the true names and capacities of the DOE defendants when they become known to Plaintiff.

4. Plaintiff is informed and believes, and based thereon alleges, that DEFENDANTS were, at all times relevant herein, the representatives, agents, employees, joint venturers, joint employers, owners, shareholders, officers, directors, principals, or alter egos of some or all of the other defendants, and in performing the acts and omissions alleged herein, were acting within the course and scope of such relationship, and with the

COMPLAINT

knowledge and consent of such other defendants.

5.      DEFENDANTS are subject to Labor Code and other California Law including, but not limited to, Cal. Bus. & Prof. Code sections 17200, *et seq*., and the applicable Wage Order(s) issued by the Industrial Welfare Commission.

6.      At all times mentioned herein, DEFENDANTS, including all FEDEX GROUND PACKAGE SYSTEM INC's, managing agents, officers, and directors, had advanced knowledge of and/or ratified every act or omission complained throughout this Complaint. At all times relevant herein, DEFENDANTS and/or their managing agents, officers, or directors committed and/or participated in the wrongful acts and omissions complained of throughout this Complaint or ratified such acts and omissions. At all times herein mentioned, DEFENDANTS aided and abetted the acts and omissions of each and all the other DEFENDANTS in proximately causing the damages as herein alleged.

## II.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction under Article VI, Section 10, of the California Constitution and Code of Civil Procedure section 410.10 because the action involves issues of California law, and because the damages and penalties sought by Plaintiff exceed the minimum jurisdictional limits of the Superior Court of the State of California.

8.      Venue is proper in this county pursuant to Code of Civil Procedure §§ 395(a) and 395.5 in that liability arose there, because at least some of the transactions that are the subject of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts business, and/or has an agent therein.

//

//

//

**III.**

**ADMINISTRATIVE PREREQUISITES**

9.      At all times relevant, DEFENDANTS regularly employed five or more persons, bringing DEFENDANTS within the provisions of California Government Code section 12900, *et seq*., prohibiting employers or their agents from harassing, discriminating, and retaliating against, its employees, or from allowing and fostering an environment where fellow employees could harass, discriminate, or retaliate, against other employees with impunity.

10.      PLAINTIFF has timely filed a complaint with the California Civil Rights Department ("CRD") and obtained a Right-To-Sue letter which is attached to this Complaint as Exhibit 1. PLAINTIFF has exhausted her administrative remedies and timely filed this action within the prescribed period subject to the issuance of the Right-To-Sue Notice letter.

**IV.**

**FACTUAL ALLEGATIONS**

11.      DEFENDANT employed PLAINTIFF from approximately August 13, 2023, through November 16,2024, as a Package Handler.

12.      PLAINTIFF was subjected to disability discrimination and a failure to accommodate in explicit violation of the FEHA and public policy.

13.      On or about 4 March 2024, PLAINTIFF tore her ACL and left knee meniscus during her personal time. After her treatment, PLAINTIFF got her doctor's note regarding her medically necessary leave and immediately informed her supervisor, Carmelo [Lastname unknown] ("Supervisor Carmelo"), about her injury. Supervisor Carmelo reassured PLAINTIFF that her job is secured and to inform the Human Resource about her medical leave.

14.      On or about March 6, 2024, PLAINTIFF emailed Alexis Gamez ("HR

Page 4

COMPLAINT

Alexis"), Human Resources Representative, the Off Work Letter for the period of March 9, 2024, to March 12,2024. HR Alexis acknowledged receipt of the file and thereafter initiated the processing of PLAINTIFF's leave. On or about March 12, 2024, PLAINTIFF emailed to HR Alexis the Off Work Letter for the period of March 12, 2024, to April 28,2024. This was acknowledged by HR Alexis.

15. PLAINTIFF continued to provide HR Alexis with updated medical leave notices from her doctor. On or about March 26, 2024, PLAINTIFF emailed to HR Alexis the Off Work Letter for the period of April 28,2024 to May 26,2024 which was acknowledged again by HR Alexis.

16. On or about May 22,2024, PLAINTIFF emailed HR Alexis her Off Work Letter for the period of May 26,2024 to June 30,2024. However, PLAINTIFF was not capacitated to return to work on July 1, 2024. On or about June 27,2024, PLAINTIFF emailed HR Alexis her updated Off Work Letter which placed PLAINTIFF off work from June 30, 2024, to September 1, 2024.

17. Unfortunately, PLAINTIFF was still not fit to work on September 2, 2024. Around September 1, 2024, PLAINTIFF emailed HR Alexis her Off Work Letter for the period of September 9, 2024, to November 3, 2024. However, PLAINTIFF received an email that she is set to return to work on September 9, 2024.

18. On or about October 15, 2024, despite PLAINTIFF's effort of keeping the DEFENDANT updated about her medical condition for months and consistently provided doctor notes, HR Alexis informed PLAINTIFF that they could not secure her position. Olivia [Lastname unknown] contacted PLAINTIFF to pick up her final check.

19. Instead of being accommodated after all the documentations provided by PLAINTIFF, Tammy [Lastname unknown] ("Tammy") informed PLAINTIFF verbally that she was terminated. PLAINTIFF argued that she consistently provided all the documents to DEFENDANT by emailing them to HR Alexis. However, HR Alexis responded that had just returned from his leave and would be sort things out. On the same day, Tammy updated PLAINTIFF that her termination is final for lack of response.

COMPLAINT

20. Accordingly, the close temporal proximity in the timing of the medically necessary leave in relationship to the adverse employment action was ostensibly retaliatory and unlawful. Thus, DEFENDANTS terminated PLAINTIFF in explicit violation of the FEHA and public policy.

21. Additionally, PLAINTIFF was sent home early on multiple occasions before she had completed at least one half of her shift due to lack of available work, but DEFENDANT failed to pay the required reporting time wages for the remainder of those shifts.

22. PLAINTIFF had to use her personal cell phone to receive calls and texts, incurring expenses estimated approximately $100 with 25% usage in discharge of her duties. PLAINTIFF also purchased back brace and pair of gloves every week as necessary expenditures for her employment incurring approximately $325.

23. PLAINTIFF requested employment records from the DEFENDANT on or about November 26, 2024. However, DEFENDANT failed to provide such employment records before the statutory deadline.

24. PLAINTIFF requested payroll records from DEFENDANT on or about November 26, 2024. However, DEFENDANT failed to provide such payroll records before the statutory deadline.

25. The foregoing acts and other acts by the DEFENDANT violated provisions of the Labor Code, including, but not limited to sections 1198.5, 226(b), the UCL, applicable wage order, other laws and regulations and PLAINTIFF's rights.

26. Pursuant to the Labor Code, California law and applicable Wage Orders, PLAINTIFF is entitled to all damages, unpaid wages, statutory penalties, interest and attorney's fees and costs for the illegal and wrongful acts and omissions of DEFENDANTS, all as alleged throughout this Complaint.

//

//

//

Page 6

COMPLAINT

# V.

## CAUSES OF ACTION

### First Cause of Action

### Wrongful Termination in Violation of Public Policy

(By PLAINTIFF Against DEFENDANT)

27.    PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

28.    As a direct and proximate result of DEFENDANT's conduct as set forth above, PLAINTIFF's emotional well-being has suffered and will continue to suffer; PLAINTIFF has experienced and continues to experience emotional distress, in an amount to be proven at trial.

29.    PLAINTIFF alleges continued suffering, substantial losses in earnings, other employment opportunities, employment benefits and other damages; the precise amounts to be proven at trial.

30.    DEFENDANT's conduct as described herein was malicious and oppressive and done with a conscious disregard of PLAINTIFF'S rights.  DEFENDANT's acts were designed to humiliate and oppress PLAINTIFF; and they had that effect.  DEFENDANT condoned, ratified and encouraged the unlawful conduct.  Thus, PLAINTIFF is entitled to punitive damages against DEFENDANT under California Civil Code Section §3294.

### Second Cause of Action

### FEHA – Discrimination

### (Cal. Gov't Code §§12900, *et seq*.)

(By PLAINTIFF Against ALL DEFENDANTS)

31.    PLAINTIFF incorporates by reference and realllege the above paragraphs as though set forth fully herein.

32.    DEFENDANT is an employer in the State of California, as defined in the FEHA, California Government Code sections 12900, *et seq*. PLAINTIF is a member of a class

Page 7

COMPLAINT

of persons protected by the FEHA from employment discrimination on the basis of physical disability.

33.     PLAINTIFF at all times was qualified for the position she held with DEFENDANT as evidenced by her performance throughout her employment.

34.     PLAINTIFF's physical disability and/or utilization of available sick time were substantial and motivating factor in DEFENDANT's decision to take adverse employment actions against PLAINTIFF including without limitation terminating him in violation of California Government Code section 12940(a).

35.     DEFENDANTS discriminatory actions against PLAINTIFF, as alleged herein, constituted unlawful discrimination in employment on account of physical disability in violation of *California Government Code* § 12940(a).

36.     As a direct and proximate result of DEFENDANTS' unlawful discrimination, PLAINTIFF has suffered and continues to suffer damages for loss of wages and benefits, loss of earnings capacity, and for severe emotional and physical distress, all of which will be proven at trial.

37.     In bringing this action, PLAINTIFF has been required to retain counsel to represent her in this matter. Under *California Government Code* § 12965(b) she is entitled to an award of attorneys' fees.

38.     DEFENDANTS committed the acts and/or refusals to act alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring PLAINTIFF, from an improper and evil motive amounting to malice, and in conscious disregard for PLAINTIFF's rights. DEFENDANTS' conduct warrants the assessment of punitive damages in an amount sufficient to punish DEFENDANTS and deter others from engaging in similar misconduct.

**Third Cause of Action**

**FEHA- Failure to Prevent Discrimination, Harassment and Retaliation**

**(Cal. Gov't Code §§12900, et seq., 12940(k))**

(By PLAINTIFF Against ALL DEFENDANTS)

COMPLAINT

39.     PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

40.     DEFENDANT is an employer in the State of California, as defined in the FEHA, California Government Code sections 12900, et. seq. PLAINTIF is a member of a class of persons protected by the FEHA from employment discrimination on the basis of physical disability.

41.     PLAINTIFF was subjected to discrimination, and retaliation as set forth above in violation of the FEHA.

42.     DEFENDANTS' failure to take reasonable steps to prevent discrimination and retaliation was a substantial factor in causing PLAINTIFF's harm in violation of *California Government Code* § 12940(k). Courts have interpreted section 12940 (k) to encompass claims for failure to prevent retaliation in addition to harassment and discrimination because retaliation is a form of discrimination under FEHA. *Taylor v. City of Los Angeles Dept. of Water & Power* (Cal. App. 2d Dist. 2006) 144 Cal.App.4th 1216, 1240, disapproved on other grounds in *Jones v. The Lodge at Torrey Pines Partnership* (2008) 42 Cal. 4th 1158, 1174.

43.     As a direct and proximate result of DEFENDANTS' retaliatory conduct, PLAINTIFF was harmed and suffered general and special damages in an amount exceeding the jurisdictional minimum of the Superior Court, according to proof at trial.

44.     In bringing this action, PLAINTIFF has been required to retain counsel to represent him in this matter. Under *California Government Code* § 12965(b) he is entitled to an award of attorneys' fees.

45.     DEFENDANTS committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFF, from an improper and evil motive amounting to malice, and in conscious disregard for PLAINTIFF's rights. DEFENDANTS' conduct warrants the assessment of punitive damages in an amount sufficient to punish DEFENDANTS and deter others from engaging in similar misconduct.

Page 9

COMPLAINT

**Fourth Cause of Action**

**Failure Violation – Failure to Provide Reasonable Accommodations**

**(Cal. Govt. Code §§ 12940(m), 12940 *et. seq.*)**

**(By PLAINTIFF against DEFENDANT)**

46. PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

47. While employed with DEFENDANT, PLAINTIFF suffered from a condition that substantially limits one or more major life activities.

48. DEFENDANT was on notice of PLAINTIFF's condition that substantially limited at least one or more of PLAINTIFF's major life activities.

49. Specifically, despite medical documentation, DEFENDANT refused to honor PLAINTIFF's physical condition and terminated her after the needed time for recovery.

50. PLAINTIFF was able to perform the essential job duties with reasonable accommodations.

51. DEFENDANT failed to provide reasonable accommodations.

52. At all times mentioned herein, PLAINTIFF was willing to participate in an interactive process to determine whether reasonable accommodations could be made to enable performance of essential job requirements.

53. Despite having notice of PLAINTIFF's condition, and notice of PLAINTIFF's request for reasonable accommodations, DEFENDANT failed to engage in a timely, good faith, interactive process with PLAINTIFF to determine effective reasonable accommodations for PLAINTIFF to continue working effectively in violation of California Government Code §12940(n).

54. As a direct consequence of failing to engage in the interactive process with Plaintiff, DEFENDANT correspondingly failed to reasonably accommodate Plaintiff.

55. As a direct and proximate result of DEFENDANTS' conduct set forth above, PLAINTIFF's emotional well-being has suffered and will continue to suffer;

COMPLAINT

PLAINTIFF has experienced and continues to experience emotional distress, in an amount to be proven at trial.

56.    PLAINTIFF has suffered and continues to suffer lost past and future earnings, other employment opportunities, employment benefits, and other damages; the precise amounts to be proven at trial.

57.    DEFENDANTS' conduct as described herein was malicious and oppressive and done with a conscious disregard for PLAINTIFF's rights. DEFENDANTS' acts were designed to humiliate and oppress PLAINTIFF, and they had that effect. DEFENDANT condoned, ratified, and encouraged the unlawful conduct. Thus, PLAINTIFF is entitled to punitive damages against DEFENDANT under California Civil Code Section §3293.

### Fifth Cause of Action
### Failure to Engage in the Interactive Process
### (Cal. Gov't. Code §§ 12940(m), 12940 et seq.)
(By PLAINTIFF Against DEFENDANTS)

58.    PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

59.    While employed with DEFENDANT, PLAINTIFF suffered from a condition that substantially limits one or more major life activities.

60.    DEFENDANT was on notice of PLAINTIFF's condition that substantially limited at least one or more of PLAINTIFF's major life activities.

61.    PLAINTIFF requested that DEFENDANT make reasonable accommodations for PLAINTIFF's condition so that PLAINTIFF would be able to perform the essential job requirements. PLAINTIFF requested leave to fully recover. PLAINTIFF was allowed to take her necessary leave and submitted all the required documents to DEFENDANT, then terminated her.

62.    DEFENDANT failed to engage in a timely, good-faith interactive process after PLAINTIFF disclosed disabilities and requested reasonable accommodations.

63.    At all times mentioned herein, PLAINTIFF was willing to participate in

Page 11

COMPLAINT

an interactive process to determine whether reasonable accommodations could be made to enable the performance of essential job requirements.

64. DEFENDANT failed to participate in a timely good-faith interactive process with PLAINTIFF to determine whether a reasonable accommodation could be made. As a direct consequence of failing to engage in the interactive process with PLAINTIFF, DEFENDANT correspondingly failed to reasonably accommodate PLAINTIFF.

65. As a direct and proximate result of DEFENDANT's conduct as set forth above, PLAINTIFF's emotional well-being has suffered and will continue to suffer; PLAINTIFF has experienced and continues to experience emotional distress, in an amount to be proven at trial.

66. PLAINTIFF has suffered and continues to suffer lost past and future earnings, other employment opportunities, employment benefits and other damages; the precise amounts to be proven at trial.

67. DEFENDANT's conduct as described herein was malicious and oppressive and done with a conscious disregard for PLAINTIFF's rights.

68. DEFENDANT's acts were designed to humiliate and oppress PLAINTIFF; and they had that effect. DEFENDANT condoned, ratified, and encouraged the unlawful conduct. Thus, PLAINTIFF is entitled to punitive damages against DEFENDANT under California Civil Code Section §3294.

**Sixth Cause of Action**

**Failure to Pay Reporting Time Wages**

(By PLAINTIFF Against DEFENDANTS)

69. PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

70. On multiple occasions, PLAINTIFF was sent home early due to lack of work but was not paid for reporting time owed under wage orders.

71. DEFENDANT failed to pay PLAINTIFF reporting time wages for these

Page 12

COMPLAINT

shifts.

72.    As a result, PLAINTIFF has been deprived of rightfully earned wages as a direct and proximate result of DEFENDANT's failure and refusal to pay said compensation. PLAINTIFF is entitled to recover such amounts, plus interest thereon, attorney's fees and costs and applicable civil and statutory penalties.

**Seventh Cause of Action**

**Failure to Reimburse PLAINTIFF for Expenditures Made on Employer's Behalf**

**(Cal. Lab. Code § 2802)**

(By PLAINTIFF Against ALL DEFENDANTS)

73.    PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

74.    DEFENDANTS failed to indemnify PLAINTIFF, as their employee, for all necessary expenditures or losses incurred by PLAINTIFF as a direct consequence of the discharge of work-related duties.

75.    As a proximate cause of DEFENDANTS' failure to indemnify or reimburse PLAINTIFF, PLAINTIFF has been deprived of compensation for work related expenses arising from and in direct consequence of the discharge of work duties and been damaged in an amount according to proof at the time of trial. PLAINTIFF is entitled to recover such amounts, plus all accruable interest thereon, attorney's fees and costs pursuant to *Labor Code* § 2802 et seq., plus statutory and civil penalties pursuant to the Labor Code and other applicable laws and regulations.

**Eighth Cause of Action**

**Failure to Furnish Compliant Wage Statements**

**(Labor Code §§ 226 and 226.3)**

(By PLAINTIFF Against DEFENDANT)

76.    PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

Page 13

COMPLAINT

77.     DEFENDANT failed to provide PLAINTIFF with timely and accurate wage statements pursuant to *Labor Code* § 226(a)(1)-(9) by failing to include one or more of the required items of information.

78.     DEFENDANT is liable for statutory penalties and civil penalties pursuant to *Labor Code* §§ 226, 226.3 and 558 and the other applicable laws and regulations.

**Ninth Cause of Action**

**Waiting Time Penalties**

**(Cal. Lab. Code §§ 201 through 203)**

(By PLAINTIFF Against DEFENDANT)

79.     PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

80.     DEFENDANTS willfully failed to pay PLAINTIFF accrued wages and other compensation due to PLAINTIFF immediately upon termination, or within 72 hours of PLAINTIFF'S resignation.

81.     DEFENDANTS are liable for statutory and civil waiting time penalties of up to 30 days of pay pursuant to *Labor Code* § 203 and other applicable laws and regulations.

**Tenth Cause of Action**

**Failure to Produce Employment File**

**(Cal. Lab. Code §1198.5)**

(By PLAINTIFF Against DEFENDANTS)

82.     PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

83.     Upon request by PLAINTIFF, DEFENDANTS failed to timely produce to PLAINTIFF's employment file pursuant to *Labor Code* §1198.5.

COMPLAINT

**Eleventh Cause of Action**

**Failure to Produce Wage Records**

**(Cal. Lab.  Code §226(b))**

(By PLAINTIFF Against DEFENDANTS)

84.    PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

85.    Upon request by PLAINTIFF, DEFENDANT failed to timely produce to PLAINTIFF's wage records pursuant to *Labor Code* §226(b).


**Twelfth Cause of Action**

**Unfair Competition**

**(Cal. Bus. & Prof Code §§ 17200 *et seq*.)**

(By PLAINTIFF Against DEFENDANTS)

86.    PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

87.    Shareholders, owners, directors, officers and/or sole proprietors of DEFENDANTS misappropriated and converted to themselves for their individual advantage the unpaid wages and other monies owed to PLAINTIFF as alleged throughout this complaint.

88.    As a result of DEFENDANTS' unfair business practices, DEFENDANTS has reaped unfair benefits and illegal profits at the expense of PLAINTIFF, and members of the public.  DEFENDANTS' use of such unfair business practices constitutes unfair competition and provides an unfair advantage over DEFENDANTS' competitors. DEFENDANTS should be made to disgorge their ill-gotten gains and restore such monies to PLAINTIFF.

89.    DEFENDANTS' unfair business practices entitle PLAINTIFF to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge and restore to PLAINTIFF the compensation unlawfully withheld and for which DEFENDANTS were unjustly enriched.

Page 15

COMPLAINT

## VI.

## **PRAYER**

WHEREFORE, PLAINTIFF hereby prays that the Court enter judgment in their favor and against DEFENDANT and DOES 1 Through 100, inclusive, collectively DEFENDANTS, and each of them, as follows:

(a)    For payment of earned wages, overtime compensation, meal, and rest period compensation, waiting time compensation and other damages according to proof in an amount to be ascertained at trial by jury, which is demanded by PLAINTIFF in this case, and in excess of the jurisdictional limit of this Court;

(b)    For all general and special damages arising out of the FEHA claims as well as reasonable attorneys' fees incurred costs, interest, and reasonable attorneys' fees under *Government Code* § 12965(b) and where may otherwise be authorized by law;

(c)    For damages for inadequate wage and hour records pursuant to *Labor Code* § 1174 in the statutory amount against all Defendants;

(d)    For injunctive relief to prohibit all Defendant from violating California employments laws described in this Complaint pursuant to *Cal. Bus. & Prof. Code* § 17200 et seq.;

(e)    For general damages (including emotional distress, pain, suffering, and loss of enjoyment of life) and special damages against all DEFENDANTS (for tort causes of action only);

(f)    For payment of all statutory obligations and penalties as required by law;

(g)    For an accounting, under administration of PLAINTIFF and subject to Court review;

(h)    For injunctive relief compelling production of PLAINTIFF'S employment file and/or wage records;

(i)    A declaration of the rights and interests of the parties;

(j)    For prejudgment interest at the legal rate;

(k)    For attorney's fees and costs;

Page 16

COMPLAINT

(l)    For costs of suit incurred herein;

(m)    For restitution and disgorgement of ill-gotten profits;

(n)    For punitive damages in an amount sufficient to punish DEFENDANTS for the wrongful conduct alleged herein and to deter such conduct in the future; and,

(o)    For such further relief as the Court may deem appropriate.

Dated:  September 30 2025

/s/ Monique Gramling

_____

By: Monique Gramling
Attorney for PLAINTIFF
JENNIFER PHILLIPS

Page 17

COMPLAINT

# EXHIBIT 1

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

July 30, 2025

Andrea Pearce
3500 West Olive Avenue, Floor 3
Burbank, CA 91505

RE:    **Notice to Complainant's Attorney**
CRD Matter Number: 202507-30523130
Right to Sue: Philips / FedEx Ground Package System, Inc.

Dear Andrea Pearce:

Attached is a copy of your complaint of discrimination filed with the Civil Rights Department (CRD) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)
PETITION AND NOTICE OF REMOVAL
EXHIBIT A, PAGE 33

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

## Civil Rights Department

KEVIN KISH, DIRECTOR

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

July 30, 2025

RE:     **Notice of Filing of Discrimination Complaint**
        CRD Matter Number: 202507-30523130
        Right to Sue: Philips / FedEx Ground Package System, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation.  The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)
PETITION AND NOTICE OF REMOVAL
EXHIBIT A, PAGE 34

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

July 30, 2025

Jennifer Philips
3500 West Olive Avenue, Floor 3
Burbank, CA 91505

RE:    **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202507-30523130
Right to Sue: Philips / FedEx Ground Package System, Inc.

Dear Jennifer Philips:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective July 30, 2025 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

CRD - ENF 80 RS (Revised 2025/02)
PETITION AND NOTICE OF REMOVAL
EXHIBIT A, PAGE 36



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)
PETITION AND NOTICE OF REMOVAL
EXHIBIT A, PAGE 37

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA**
**Civil Rights Department**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Jennifer Philips                                                    CRD No. 202507-30523130

                                        Complainant,

vs.

FedEx Ground Package System, Inc.
1000 FEDEX DRIVE
MOON TOWNSHIP, PA 15108

                                        Respondents

---

**1.** Respondent **FedEx Ground Package System, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**. Complainant **Jennifer Philips**, resides in the City of **Burbank,** State of **CA.**

**3**. Complainant alleges that on or about **September 9, 2024**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's other, disability (physical, intellectual/developmental, mental health/psychiatric) and as a result of the discrimination was terminated, laid off, demoted, other, denied work opportunities or assignments, denied accommodation for a disability.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was terminated, laid off, demoted, other, denied work opportunities or assignments, denied accommodation for a disability.

**Additional Complaint Details:** Complainant Jennifer Phillips ("Complainant") was employed by Respondent FedEx Ground Package Systems, Inc. ("Respondent") from approximately August 13, 2023 through approximately September 9, 2024. Complainant

-1-
*Complaint – CRD No. 202507-30523130*

Date Filed: July 30, 2025

CRD-ENF 80 RS (Revised 2025/02)

suffered a knee injury and was placed off work by her doctors. Complainant dutifully provided all updated work status reports to Respondent as her doctors continued to place her on medically-necessary leave. Complainant's doctors placed her on leave through November 3, 2024. Complainant provided the final updated work status report to Respondents on or about September 1, 2024. Respondent contacted Complainant and informed her that she was terminated on or about September 9, 2024. Respondent terminated Complaint on account of her disability.

-2-

*Complaint – CRD No. 202507-30523130*

Date Filed: July 30, 2025

CRD-ENF 80 RS (Revised 2025/02)

VERIFICATION

I, **Andrea Pearce**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true. The matters alleged are based on information and belief, which I believe to be true.

On July 30, 2025, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Redding, CA**

-3-
*Complaint – CRD No. 202507-30523130*

Date Filed: July 30, 2025

CRD-ENF 80 RS (Revised 2025/02)

PETITION AND NOTICE OF REMOVAL
EXHIBIT A, PAGE 40

**FW-001**      **Request to Waive Court Fees**

**CONFIDENTIAL**

*Clerk stamps date here when form is filed.*

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
11/6/2025 1:17 PM
By: Andrea Enriquez, DEPUTY

If you are getting public benefits, are a low-income person, or do not have enough income to pay for your household's basic needs and your court fees, you may use this form to ask the court to waive your court fees. The court may order you to answer questions about your finances. If the court waives the fees, you may still have to pay later if:
- You cannot give the court proof of your eligibility,
- Your financial situation improves during this case, or
- You settle your civil case for **$10,000** or more. The trial court that waives your fees will have a lien on any such settlement in the amount of the waived fees and costs. The court may also charge you any collection costs.

*Fill in court name and street address:*

**Superior Court of California, County of**

San Bernardino
247 West Third Street
San Bernardino, CA 92415

**(1) Your Information** *(person asking the court to waive the fees):*
Name: Jennifer Phillips
Street or mailing address: 649 S Wisteria Ave.
City: Bloomington          State: CA   Zip: 92316
Phone: (909) 486-2326

*Fill in case number and name:*

**Case Number:**
CIVSB2531811

**Case Name:**

**(2) Your Job,** if you have one *(job title):* N/A
Name of employer: N/A
Employer's address: N/A

**(3) Your Lawyer,** if you have one *(name, firm or affiliation, address, phone number, and State Bar number):*
Monique Gramling, SBN 315068    (P) (323) 375-5101
Lawyers for Employee and Consumer Rights   3500 West Olive Ave ThirdFloor    Burbank CA  91505
a.  The lawyer has agreed to advance all or a portion of your fees or costs *(check one):*  Yes ☒  No ☐
b.  *(If yes, your lawyer must sign here)* Lawyer's signature: /S/ Andrea Pearce
   *If your lawyer is not providing legal-aid type services based on your low income, you may have to go to a hearing to explain why you are asking the court to waive the fees.*

**(4) What court's fees or costs are you asking to be waived?**
☒  Superior Court (See *Information Sheet on Waiver of Superior Court Fees and Costs* (form FW-001-INFO).)
☐  Supreme Court, Court of Appeal, or Appellate Division of Superior Court (See *Information Sheet on Waiver of Appellate Court Fees* (form APP-015/FW-015-INFO).)

**(5) Why are you asking the court to waive your court fees?**
a.  ☒  I receive *(check all that apply; see form FW-001-INFO for definitions):*
   ☒ Food Stamps  ☐ Supp. Sec. Inc.  ☐ SSP  ☒ Medi-Cal  ☐ County Relief/Gen. Assist.  ☐ IHSS
   ☐ CalWORKS or Tribal TANF     ☐ CAPI     ☐ WIC     ☐ Unemployment
b.  ☐  My gross monthly household income (before deductions for taxes) is less than the amount listed below. *(If you check 5b, you must fill out 7, 8, and 9 on page 2 of this form.)*

| Family Size | Family Income | Family Size | Family Income | Family Size | Family Income | If more than 6 people at home, add $856.67 for each extra person. |
|---|---|---|---|---|---|---|
| 1 | $2,430.00 | 3 | $4,143.34 | 5 | $5,856.67 | |
| 2 | $3,286.67 | 4 | $5,000.00 | 6 | $6,713.34 | |

c.  ☐  I do not have enough income to pay for my household's basic needs *and* the court fees. I ask the court to: *(check one and you **must** fill out page 2):*
   ☐ waive all court fees and costs     ☐ waive some of the court fees     ☐ let me make payments over time

**(6)** ☐  Check here if you asked the court to waive your court fees for this case in the last six months.
   *(If your previous request is reasonably available, please attach it to this form and check here):* ☐

**I declare under penalty of perjury under the laws of the State of California that the information I have provided on this form and all attachments is true and correct.**
Date: 08 / 06 / 2025

Jennifer Phillips
*Print your name here*


*Sign here*

Judicial Council of California, *www.courts.ca.gov*
Rev. April 1, 2023, Mandatory Form
Government Code, § 68633
Cal. Rules of Court, rules 3.51, 8.26, and 8.818

**Request to Waive Court Fees**

**FW-001**, Page 1 of 2

Doc ID: 650dd1e9386908e1dc1ed09ecea17b89f4bf18cc

Your name: Jennifer Phillips

**Case Number:**

*If you checked 5a on page 1, do not fill out below. If you checked 5b, fill out questions 7, 8, and 9 only. If you checked 5c, you **must** fill out this entire page. If you need more space, attach form MC-025 or attach a sheet of paper and write Financial Information and your name and case number at the top.*

(7) ☐ Check here if your income changes a lot from month to month. If it does, complete the form based on your average income for the past 12 months.

(8) **Your Gross Monthly Income**

a. List the source and amount of *any* income you get each month, including: wages or other income from work before deductions, spousal/child support, retirement, social security, disability, unemployment, military basic allowance for quarters (BAQ), veterans payments, dividends, interest, trust income, annuities, net business or rental income, reimbursement for job-related expenses, gambling or lottery winnings, etc.

(1) _____ $_____
(2) _____ $_____
(3) _____ $_____
(4) _____ $_____

b. **Your total monthly income**: $_____

(9) **Household Income**

a. List the income of all other persons living in your home who depend in whole or in part on you for support, or on whom you depend in whole or in part for support.

| Name | Age | Relationship | Gross Monthly Income |
|---|---|---|---|
| (1) _____ | ___ | _____ | $_____ |
| (2) _____ | ___ | _____ | $_____ |
| (3) _____ | ___ | _____ | $_____ |
| (4) _____ | ___ | _____ | $_____ |

b. **Total monthly income of persons above:** $_____

**Total monthly income *and* household income** *(8b plus 9b):* $_____

To list any other facts you want the court to know, such as unusual medical expenses, etc., attach form MC-025 or attach a sheet of paper and write Financial Information and your name and case number at the top.

*Check here if you attach another page.* ☐

***Important!* If your financial situation or ability to pay court fees improves, you must notify the court within five days on form FW-010.**

(10) **Your Money and Property**

a. Cash $_____

b. All financial accounts *(List bank name and amount):*
(1) _____ $_____
(2) _____ $_____
(3) _____ $_____

c. Cars, boats, and other vehicles

| Make / Year | Fair Market Value | How Much You Still Owe |
|---|---|---|
| (1) _____ | $_____ | $_____ |
| (2) _____ | $_____ | $_____ |
| (3) _____ | $_____ | $_____ |

d. Real estate

| Address | Fair Market Value | How Much You Still Owe |
|---|---|---|
| (1) _____ | $_____ | $_____ |
| (2) _____ | $_____ | $_____ |

e. Other personal property (jewelry, furniture, furs, stocks, bonds, etc.):

| Describe | Fair Market Value | How Much You Still Owe |
|---|---|---|
| (1) _____ | $_____ | $_____ |
| (2) _____ | $_____ | $_____ |

(11) **Your Monthly Deductions and Expenses**

a. List any payroll deductions and the monthly amount below:
(1) _____ $_____
(2) _____ $_____
(3) _____ $_____
(4) _____ $_____

b. Rent or house payment & maintenance $_____
c. Food and household supplies $_____
d. Utilities and telephone $_____
e. Clothing $_____
f. Laundry and cleaning $_____
g. Medical and dental expenses $_____
h. Insurance (life, health, accident, etc.) $_____
i. School, child care $_____
j. Child, spousal support (another marriage) $_____
k. Transportation, gas, auto repair and insurance $_____
l. Installment payments *(list each below)*:
Paid to:
(1) _____ $_____
(2) _____ $_____
(3) _____ $_____

m. Wages/earnings withheld by court order $_____
n. Any other monthly expenses *(list each below)*.
Paid to: How Much?
(1) _____ $_____
(2) _____ $_____
(3) _____ $_____

**Total monthly expenses** *(add 11a –11n above):* $_____

Rev. April 1, 2023

**Request to Waive Court Fees**

**FW-001**, Page 2 of 2

**Dropbox** Sign                                                    Audit trail

| | |
|---|---|
| **Title** | For Signing - Court Fee Waiver - Jennifer Phillips |
| **File name** | For Signing - Cou...Jennifer Phillips |
| **Document ID** | 650dd1e9386908e1dc1ed09ecea17b89f4bf18cc |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

**This document was signed on preferredlegalsupport.lawruler.com**

## Document History

**SENT**
**08 / 06 / 2025**
18:34:57 UTC
Sent for signature to Jennifer Phillips (jlp071101@gmail.com) from esign@lawruler.com
IP: 172.191.37.167

**VIEWED**
**08 / 06 / 2025**
18:34:58 UTC
Viewed by Jennifer Phillips (jlp071101@gmail.com)
IP: 49.146.224.2

**SIGNED**
**08 / 06 / 2025**
19:33:53 UTC
Signed by Jennifer Phillips (jlp071101@gmail.com)
IP: 172.56.181.19

**COMPLETED**
**08 / 06 / 2025**
19:33:53 UTC
The document has been completed.

Powered by **Dropbox** Sign

PETITION AND NOTICE OF REMOVAL
EXHIBIT A, PAGE 43



**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN BERNARDINO**

San Bernardino District
247 West 3rd St
San Bernardino CA  92415
sanbernardino.courts.ca.gov
909-708-8678

| Phillips -v- FEDEX GROUND PACKAGE SYSTEM INC., a Delaware Corporation et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number<br>CIVSB2531811 |

Lawyers for Employee and Consumer Rights
3500 West Olive Avenue Third Floor
Burbanks CA  91505

phorton@lfecr.com

This case has been assigned to:  Joseph T Ortizin Department S17 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date:  5/11/2026 at 8:30 AM in Department S17 - SBJC

Date:  11/10/2025

By: _____
Andrea Enriquez, Deputy Clerk

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☐ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☐ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐ A copy of this notice was given to the filing party at the counter.

☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

☒ A copy of this notice was electronically served via email to the interested party at the email address provided through eFile or the case file as shown above, in compliance with court procedures and applicable laws.

Date of Mailing:  11/10/2025

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 11/10/2025 at San Bernardino, CA.

By: _____
Andrea Enriquez, Deputy Clerk

PETITION AND NOTICE OF REMOVAL
EXHIBIT A, PAGE 44

| **FW-003** | Order on Court Fee Waiver (Superior Court) |

*Clerk stamps date here when form is filed.*

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
11/10/2025
By: Andrea Enriquez, DEPUTY

**① Person who asked the court to waive court fees:**

Name: Jennifer Phillips

Street or mailing address: 649 S Wisteria Ave

City: Bloomington        State:   CA    Zip: 92316

**② Lawyer, if person in ① has one** *(name, firm name, address, phone number, e-mail, and State Bar number):*

Monique Gramling, SBN 315068

Lawyers for Employee and Consumer

3500 West Olive Ave., Third Floor Burbank CA 91505

mgramling@lfecr.com

(323) 375-5101

*Fill in court name and street address:*

**Superior Court of California, County of**

San Bernardino

247 West Third Street
San Bernardino, CA 92415

**③** A request to waive court fees was filed on *(date):* November 6, 2025

☐  The court made a previous fee waiver order in this case  on *(date):*

*Fill in case number and name:*

**Case Number:**
CIVSB2531811

**Case Name:**

*Read this form carefully. All checked boxes ☑ are court orders.*

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for **$10,000** or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

**④** After reviewing your*:*        ☒ *Request to Waive Court Fees*        ☐ *Request to Waive Additional Court Fees*
**the court makes the following orders:**

a. ☒  The court **grant**s your request, as follows:

(1) ☒  **Fee Waiver.** The court grants your request and waives your court fees and costs listed below. *(Cal. Rules of Court, rules 3.55 and 8.818.)* You do not have to pay the court fees for the following:

- Filing papers in superior court
- Making copies and certifying copies
- Sheriff's fee to give notice
- Court fee for phone hearing
- Giving notice and certificates
- Sending papers to another court department
- Reporter's fee for attendance at hearing or trial, if the court is not electronically recording the proceeding and you request that the court provide an official reporter
- Assessment for court investigations under Probate Code section 1513, 1826, or 1851
- Preparing, certifying, copying, and sending the clerk's transcript on appeal
- Holding in trust the deposit for a reporter's transcript on appeal under rule 8.130 or 8.834
- Making a transcript or copy of an official electronic recording under rule 8.835

(2) ☐  **Additional Fee Waiver.** The court grants your request and waives your additional superior court fees and costs that are checked below. *(Cal. Rules of Court, rule 3.56.)* You do not have to pay for the checked items.

☐  Jury fees and expenses
☐  Fees for court-appointed experts
☐  Other  *(specify):* _____

☐  Fees for a peace officer to testify in court
☐  Court-appointed interpreter fees for a witness

Judicial Council of California, *www.courts.ca.gov*
Revised September 1, 2019, Mandatory Form
Government Code, § 68634(e)
Cal. Rules of Court, rule 3.52

**Order on Court Fee Waiver (Superior Court)**

**FW-003,** Page 1 of 3

Your name:   Jennifer Phillips

| Case Number: |
|---|
|  |

b. ☐ The court **denies** your fee waiver request because:

> **Warning!** If you miss the deadline below, the court cannot process your request for hearing or the court papers you filed with your original request. If the papers were a notice of appeal, the appeal may be dismissed.

(1) Your request is incomplete. You have **10 days** after the clerk gives notice of this Order (see date of service ☐ on next page) to:
- Pay your fees and costs, or
- File a new revised request that includes the incomplete items listed:
  ☐ Below     ☐ On Attachment 4b(1)

_____
_____
_____
_____

(2) ☐ The information you provided on the request shows that you are not eligible for the fee waiver you requested for the reasons stated: ☐ Below     ☐ On Attachment 4b(2)

_____
_____
_____
_____
_____

The court has enclosed a blank *Request for Hearing About Court Fee Waiver Order (Superior Court)* (form FW-006).You have **10 days** after the clerk gives notice of this order (see date of service below) to:
- Pay your fees and costs in full or the amount listed in c below, or
- Ask for a hearing in order to show the court more information. *(Use form FW-006 to request hearing.)*

c. (1) ☐ The court needs more information to decide whether to grant your request. You must go to court on the date on page 3. The hearing will be about the questions regarding your eligibility that are stated:
☐ Below     ☐ On Attachment 4c(1)

_____
_____
_____
_____

(2) ☐ Bring the items of proof to support your request, if reasonably available, that are listed:
☐ Below     ☐ On Attachment 4c(2)

_____
_____
_____
_____
_____
_____

**This is a Court Order.**

**Order on Court Fee Waiver (Superior Court)**

PETITION AND NOTICE OF REMOVAL
EXHIBIT A, PAGE 46

Your name: Jennifer Phillips

Case Number:

**Hearing Date**

Date: _____ Time: _____

Dept.: _____ Room: _____

Name and address of court if different from above:

_____

_____

_____

_____

**Warning!** If item c(1) is checked, and you do not go to court on your hearing date, the judge will deny your request to waive court fees, and you will have 10 days to pay your fees. If you miss that deadline, the court cannot process the court papers you filed with your request. If the papers were a notice of appeal, the appeal may be dismissed.

Date: 11/10/2025

/s/ Andrea Enriquez

Signature of (check one):   ☐ Judicial Officer   ☒ Clerk, Deputy

## Request for Accommodations



Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the hearing. Contact the clerk's office for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civ. Code, § 54.8.)

## Clerk's Certificate of Service

I certify that I am not involved in this case and *(check one):*

☐ I handed a copy of this Order to the party and attorney, if any, listed in ① and ②, at the court, on the date below.

☐ This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in ① and ②, from *(city):* _____San Bernardino_____, California, on the date below.

  ☐ A certificate of mailing is attached.

  Date: 11/10/2025

Clerk, by /s/ Andrea Enriquez _____ , Deputy

Name: _____

**This is a Court Order.**

**Order on Court Fee Waiver (Superior Court)**

FW-003, Page 3 of 3

PETITION AND NOTICE OF REMOVAL
EXHIBIT A, PAGE 47

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FEDEX GROUND PACKAGE SYSTEM INC., a Delaware Corporation; and DOES 1 through 100, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JENNIFER PHILLIPS, an individual

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
11/10/2025
By: Andrea Enriquez, DEPUTY

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado.  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* SAN BERNARDINO<br><br>274 West Third Street<br>San Bernardino CA 92415 | CASE NUMBER:<br>*(Número del Caso):*<br><br>CIVSB2531811 |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Monique Gramling SBN315068; 3500 West Olive Ave., 3rd Floor, Burbank CA 91505; (323) 375-5101;

| DATE:<br>*(Fecha)*    11/10/2025 | Clerk, by<br>*(Secretario)*    /s/ Andrea Enriquez _____ | , Deputy<br>*(Adjunto)* |
| --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

  under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

        ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100  [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
| --- | --- | --- |

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>Lawyers for Employee and Consumer Rights<br>Monique Gramling SBN 315068<br>3500 West Olive Avenue, Third Floor<br>Burbank , CA 91505<br>    TELEPHONE NO:  (323) 375-5101    FAX NO *(Optional)*:<br>  E-MAIL ADDRESS *(Optional)*:  sfaranesh@lfecr.com<br>  ATTORNEY FOR *(Name)*:  Plaintiff | *FOR COURT USE ONLY*<br><br>ELECTRONICALLY FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br>11/17/2025 7:43 AM<br>By: Jasmine Segura, DEPUTY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF**  San Bernardino<br>  STREET ADDRESS:  247 West 3rd St<br>  MAILING ADDRESS:<br>  CITY AND ZIP CODE:  San Bernardino, 92415<br>  BRANCH NAME:  San Bernardino-Justice Center | |
| PLAINTIFF / PETITIONER:  JENNIFER PHILLIPS<br>DEFENDANT / RESPONDENT:  FEDEX GROUND PACKAGE SYSTEM INC., et al. | CASE NUMBER:<br>CIVSB2531811 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>14560440 (26724185) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [ ] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents)*:   Certificate of Assignment
3. a. Party served *(specify name of party as shown on documents served)*:
   FEDEX GROUND PACKAGE SYSTEM INC., a Delaware Corporation
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   CT Corporation System (CT Corp) - John Montijo, Intake Specialist - Person Authorized to Accept Service of Process
4. Address where the party was served:
   330 N Brand Blvd Suite 700, Glendale, CA 91203
5. I served the party *(check proper box)*
   a. [X] **by personal service**. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:  Wed, Nov 12 2025    (2) at *(time)*:  12:32 PM
   b. [ ] **by substituted service**. On *(date)*:    at *(time)*:    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:    from *(city)*:    or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Page 1 of 2<br>Code of Civil Procedure, § 417.10 |
|---|---|---|

PETITION AND NOTICE OF REMOVAL
EXHIBIT A, PAGE 49

| PLAINTIFF / PETITIONER:  JENNIFER PHILLIPS | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   FEDEX GROUND PACKAGE SYSTEM INC., et al. | CIVSB2531811 |

5.   c.   ☐   **by mail and acknowledgment of receipt of service**. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1)   on *(date)*:                                                          (2)   from *(city)*:

   (3)   ☐   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

   (4)   ☐   to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.   ☐   **by other means** *(specify means of service and authorizing code section)*:

   ☐   Additional page describing service is attached.

6.   The "Notice to the Person Served" (on the summons) was completed as follows:

   a.   ☐   as an individual defendant.

   b.   ☐   as the person sued under the fictitious name of *(specify)*:

   c.   ☐   as occupant.

   d.   ☒   On behalf of *(specify)*:    FEDEX GROUND PACKAGE SYSTEM INC., a Delaware Corporation
   under the following Code of Civil Procedure section:

   ☒   416.10 (corporation)                         ☐   415.95 (business organization, form unknown)
   ☐   416.20 (defunct corporation)                 ☐   416.60 (minor)
   ☐   416.30 (joint stock company/association)     ☐   416.70 (ward or conservatee)
   ☐   416.40 (association or partnership)          ☐   416.90 (authorized person)
   ☐   416.50 (public entity)                       ☐   415.46 (occupant)
   ☐   other:

7.   **Person who served papers**

   a.   Name:                  Joshua May

   b.   Address:               1400 North McDowell Blvd Suite 300, Petaluma, CA  94954

   c.   Telephone number:      800-938-8815

   d.   **The fee** for service was:    $50.00

   e.   I am:

   (1)   ☐   not a registered California process server.

   (2)   ☐   exempt from registration under Business and Professions Code section 22350(b).

   (3)   ☒   a registered California process server:

   (i)   ☐ owner   ☐ employee   ☒ independent contractor

   (ii)   Registration No:   2022270694

   (iii)   County:   Los Angeles

8.   ☒   **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9.   ☐   **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:    November 12, 2025

Joshua May
_____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 North McDowell Blvd Suite 300,
Petaluma, CA  94954
800-938-8815

_____
(SIGNATURE)

---

POS-010 [Rev. January 1, 2007]                **PROOF OF SERVICE OF SUMMONS**                Page 2 of 2

PETITION AND NOTICE OF REMOVAL
EXHIBIT A, PAGE 50

Monique Gramling, SNB 315068
Onyebuchi Okeke, SBN 338730
Lawyers for Employee and Consumer Rights
3500 West Olive Avenue, Third Floor
Burbank, CA 91505
Phone: (323) 375-5101
Fax: (323) 306-5571
mgramling@lfecr.com
ookeke@lfecr.com

Attorneys for Plaintiff
JENNIFER PHILLIPS

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
12/24/2025 1:34 PM
By: Grace Powell, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

SAN BERNARDINO COUNTY

| | |
|---|---|
| **JENNIFER PHILLIPS,** Plaintiff, <br> v. <br> **FEDEX GROUND PACKAGE SYSTEMS, INC.,** a Delaware corporation; **FEDERAL EXPRESS CORPORATION,** a Delaware corporation, successor by merger to FedEx Ground Package Systems, Inc.; **DOES 1–100,** inclusive, <br> Defendants. <br><br> UNLIMITED CIVIL MATTER | Case No: CIVSB2531811 <br><br> FIRST AMENDED COMPLAINT FOR: <br><br> 1. **Wrongful Termination in Violation of Public Policy** <br> 2. **FEHA – Discrimination (Cal. Govt. Code §§ 12900, *et seq.*)** <br> 3. **FEHA – Failure to Prevent Discrimination, Harassment, and/or Retaliation (Cal. Gov't Code §§12900, *et seq.*)** <br> 4. **FEHA Violation – Failure to Provide Reasonable Accommodation (Cal. Gov't Code § 12940(m), § 12940 et. seq.,)** <br> 5. **FEHA Violation – Failure to Engage in Interactive Process (Cal. Gov't. Code § 12940(m), § 12940 et. seq.,)** <br> 6. **Failure to Pay Reporting Time Wages (Cal. Lab. Code §§ 204, 206, 216, 218.5, 218.6)** <br> 7. **Failure to Reimburse PLAINTIFF for Expenditures Made on Employer's Behalf (Cal. Lab. Code § 2802)** <br> 8. **Failure to Furnish Compliant Wage Statements (Cal. Lab. Code §§ 226 and 226.3)** <br> 9. **Waiting Time Penalties ((Cal. Lab Code §§ 201 through 203)** |

Page 1

COMPLAINT

10. **Failure to Produce Employment File (Cal. Lab. Code § 1198.5)**
11. **Failure to Produce Wage Records (Cal. Lab. Code § 226(b))**
12. **Unfair Competition (Cal. Bus. & Prof. Code § 17200, *et seq.*)**

*JURY TRIAL DEMANDED*

JENNIFER PHILLIPS, Plaintiff, ("PLAINTIFF") hereby complains against FEDEX GROUND PACKAGE SYSTEMS, INC., ("DEFENDANT FEDEX GROUND"), FEDERAL EXPRESS CORPORATION, ("DEFENDANT FEDERAL EXPRESS"), and Does 1-100, collectively DEFENDANTS, and each of them, and alleges as follows:

## I.

## THE PARTIES

1. Plaintiff JENNIFER PHILLIPS is and was, at all relevant times mentioned herein, an individual residing in the State of California.

2. . PLAINTIFF is informed and believes, and based thereon alleges, that **Defendant FEDEX GROUND PACKAGE SYSTEMS, INC.** is a Delaware corporation that at all relevant times was authorized to do business in the State of California.

3. PLAINTIFF is informed and believes, and based thereon alleges, that **Defendant FEDERAL EXPRESS CORPORATION** is a Delaware corporation with its principal place of business in Memphis, Tennessee, and that **effective June 1, 2024, FEDERAL EXPRESS CORPORATION became the successor by merger to FEDEX GROUND PACKAGE SYSTEMS, INC., and is therefore a proper defendant in this action.**

4. PLAINTIFF is informed and believes, and based thereon alleges, that DEFENDANT FEDERAL EXPRESS CORPORATION, is a Delaware corporation purportedly authorized to do business within the State of California with its principal place of business located in Memphis, Tennessee. PLAINTIFF is further informed and believes,

Page 2

COMPLAINT

and based thereon alleges, that effective June 1, 2024, FEDERAL EXPRESS CORPORATION became the successor by merger to FEDEX GROUND PACKAGE SYSTEMS, INC., and is therefore a proper defendant in this action.

5. PLAINTIFF is unaware of the true names and capacities of the defendants sued herein as DOES 1 through 100, inclusive, and therefore sues them by such fictitious names. PLAINTIFF is informed and believes, and thereon alleges, that DOES 1 through 100, inclusive, are responsible in some manner for the occurrences, acts, and omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these defendants. Plaintiff will amend this complaint to allege the true names and capacities of the DOE defendants when they become known to Plaintiff.

6. PLAINTIFF is informed and believes, and based thereon alleges, that DEFENDANTS were, at all times relevant herein, the representatives, agents, employees, joint venturers, joint employers, owners, shareholders, officers, directors, principals, or alter egos of some or all of the other defendants, and in performing the acts and omissions alleged herein, were acting within the course and scope of such relationship, and with the knowledge and consent of such other defendants.

7. DEFENDANTS are subject to Labor Code and other California Law including, but not limited to, Cal. Bus. & Prof. Code sections 17200, *et seq*., and the applicable Wage Order(s) issued by the Industrial Welfare Commission.

8. At all times mentioned herein, DEFENDANTS, including all FEDEX GROUND PACKAGE SYSTEM INC's & FEDERAL EXPRESS CORPORATION'S, managing agents, officers, and directors, had advanced knowledge of and/or ratified every act or omission complained throughout this Complaint. At all times relevant herein, DEFENDANTS and/or their managing agents, officers, or directors committed and/or participated in the wrongful acts and omissions complained of throughout this Complaint or ratified such acts and omissions. At all times herein mentioned, DEFENDANTS aided and abetted the acts and omissions of each and all the other DEFENDANTS in proximately causing the damages as herein alleged.

Page 3

COMPLAINT

## II.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction under Article VI, Section 10, of the California Constitution and Code of Civil Procedure section 410.10 because the action involves issues of California law, and because the damages and penalties sought by Plaintiff exceed the minimum jurisdictional limits of the Superior Court of the State of California.

10.     Venue is proper in this county pursuant to Code of Civil Procedure §§ 395(a) and 395.5 in that liability arose there, because at least some of the transactions that are the subject of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts business, and/or has an agent therein.

## III.

## ADMINISTRATIVE PREREQUISITES

11.     At all times relevant, DEFENDANTS regularly employed five or more persons, bringing DEFENDANTS within the provisions of California Government Code section 12900, *et seq.*, prohibiting employers or their agents from harassing, discriminating, and retaliating against, its employees, or from allowing and fostering an environment where fellow employees could harass, discriminate, or retaliate, against other employees with impunity.

12.     PLAINTIFF has timely filed a complaint with the California Civil Rights Department ("CRD") and obtained a Right-To-Sue letter which is attached to this Complaint as Exhibit 1. PLAINTIFF has exhausted her administrative remedies and timely filed this action within the prescribed period subject to the issuance of the Right-To-Sue Notice letter.

## IV.

## FACTUAL ALLEGATIONS

13.     DEFENDANTS employed PLAINTIFF from approximately August 13,

COMPLAINT

2023, through November 16,2024, as a Package Handler.

14.     PLAINTIFF was subjected to disability discrimination and a failure to accommodate in explicit violation of the FEHA and public policy.

15.     On or about 4 March 2024, PLAINTIFF tore her ACL and left knee meniscus during her personal time. After her treatment, PLAINTIFF got her doctor's note regarding her medically necessary leave and immediately informed her supervisor, Carmelo [Lastname unknown] ("Supervisor Carmelo"), about her injury. Supervisor Carmelo reassured PLAINTIFF that her job is secured and to inform the Human Resource about her medical leave.

16.     On or about March 6, 2024, PLAINTIFF emailed Alexis Gamez ("HR Alexis"), Human Resources Representative, the Off Work Letter for the period of March 9, 2024, to March 12,2024.  HR Alexis acknowledged receipt of the file and thereafter initiated the processing of PLAINTIFF's leave. On or about March 12, 2024, PLAINTIFF emailed to HR Alex the Off Work Letter for the period of March 12, 2024, to April 28,2024. This was acknowledged by HR Alexis.

17.     PLAINTIFF continued to provide HR Alexis with updated medical leave notices from her doctor. On or about March 26, 2024, PLAINTIFF emailed to HR Alexis the Off Work Letter for the period of April 28,2024 to May 26,2024 which was acknowledged again by HR Alexis.

18.     On or about May 22,2024, PLAINTIFF emailed HR Alexis her Off Work Letter for the period of May 26,2024 to June 30,2024. However, PLAINTIFF was not capacitated to return to work on July 1, 2024. On or about June 27,2024, PLAINTIFF emailed HR Alexis her updated Off Work Letter which placed PLAINTIFF off work from June 30, 2024, to September 1, 2024.

19.     Unfortunately, PLAINTIFF was still not fit to work on September 2, 2024. Around September 1, 2024, PLAINTIFF emailed HR Alexis her Off Work Letter for the period of September 9, 2024, to November 3, 2024. However, PLAINTIFF received an email that she is set to return to work on September 9, 2024.

COMPLAINT

20. On or about October 15, 2024, despite PLAINTIFF's effort of keeping the DEFENDANTS updated about her medical condition for months and consistently provided doctor notes, HR Alexis informed PLAINTIFF that they could not secure her position. Olivia [Lastname unknown] contacted PLAINTIFF to pick up her final check.

21. Instead of being accommodated after all the documentations provided by PLAINTIFF, Tammy [Lastname unknown] ("Tammy") informed PLAINTIFF verbally that she was terminated. PLAINTIFF argued that she consistently provided all the documents to DEFENDANTS by emailing them to HR Alexis. However, HR Alexis responded that had just returned from his leave and would be sort things out. On the same day, Tammy updated PLAINTIFF that her termination is final for lack of response.

22. Accordingly, the close temporal proximity in the timing of the medically necessary leave in relationship to the adverse employment action was ostensibly retaliatory and unlawful. Thus, DEFENDANTS terminated PLAINTIFF in explicit violation of the FEHA and public policy.

23. Additionally, PLAINTIFF was sent home early on multiple occasions before she had completed at least one half of her shift due to lack of available work, but DEFENDANTS failed to pay the required reporting time wages for the remainder of those shifts.

24. PLAINTIFF had to use her personal cell phone to receive calls and texts, incurring expenses estimated approximately $100 with 25% usage in discharge of her duties. PLAINTIFF also purchased back brace and pair of gloves every week as necessary expenditures for her employment incurring approximately $325.

25. PLAINTIFF requested employment records from the DEFENDANTS on or about November 26, 2024. However, DEFENDANTS failed to provide such employment records before the statutory deadline.

26. PLAINTIFF requested payroll records from DEFENDANTS on or about November 26, 2024. However, DEFENDANTS failed to provide such payroll records before the statutory deadline.

Page 6

COMPLAINT

27.    The foregoing acts and other acts by the DEFENDANTS violated provisions of the Labor Code, including, but not limited to sections 1198.5, 226(b), the UCL, applicable wage order, other laws and regulations and PLAINTIFF's rights.

28.    Pursuant to the Labor Code, California law and applicable Wage Orders, PLAINTIFF is entitled to all damages, unpaid wages, statutory penalties, interest and attorney's fees and costs for the illegal and wrongful acts and omissions of DEFENDANTS, all as alleged throughout this Complaint.

## V.

## CAUSES OF ACTION

### First Cause of Action

### Wrongful Termination in Violation of Public Policy

(By PLAINTIFF Against ALL DEFENDANTS)

29.    PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

30.    As a direct and proximate result of DEFENDANTS' conduct as set forth above, PLAINTIFF's emotional well-being has suffered and will continue to suffer; PLAINTIFF has experienced and continues to experience emotional distress, in an amount to be proven at trial.

31.    PLAINTIFF alleges continued suffering, substantial losses in earnings, other employment opportunities, employment benefits and other damages; the precise amounts to be proven at trial.

32.    DEFENDANTS' conduct as described herein was malicious and oppressive and done with a conscious disregard of PLAINTIFF'S rights.  DEFENDANTS' acts were designed to humiliate and oppress PLAINTIFF; and they had that effect.  DEFENDANTS condoned, ratified and encouraged the unlawful conduct.  Thus, PLAINTIFF is entitled to punitive damages against DEFENDANTS under California Civil Code Section §3294.

COMPLAINT

**Second Cause of Action**

**FEHA – Discrimination**

**(Cal. Gov't Code §§12900, *et seq*.)**

(By PLAINTIFF Against ALL DEFENDANTS)

33.    PLAINTIFF incorporates by reference and reallege the above paragraphs as though set forth fully herein.

34.    DEFENDANTS are employers in the State of California, as defined in the FEHA, California Government Code sections 12900, *et seq*. PLAINTIF is a member of a class of persons protected by the FEHA from employment discrimination on the basis of physical disability.

35.    PLAINTIFF at all times was qualified for the position she held with DEFENDANTS as evidenced by her performance throughout her employment.

36.    PLAINTIFF's physical disability and/or utilization of available sick time were substantial and motivating factor in DEFENDANTS' decision to take adverse employment actions against PLAINTIFF including without limitation terminating her in violation of California Government Code section 12940(a).

37.    DEFENDANTS discriminatory actions against PLAINTIFF, as alleged herein, constituted unlawful discrimination in employment on account of physical disability in violation of *California Government Code* § 12940(a).

38.    As a direct and proximate result of DEFENDANTS' unlawful discrimination, PLAINTIFF has suffered and continues to suffer damages for loss of wages and benefits, loss of earnings capacity, and for severe emotional and physical distress, all of which will be proven at trial.

39.    In bringing this action, PLAINTIFF has been required to retain counsel to represent her in this matter. Under *California Government Code* § 12965(b) she is entitled to an award of attorneys' fees.

40.    DEFENDANTS committed the acts and/or refusals to act alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring PLAINTIFF,

Page 8

COMPLAINT

from an improper and evil motive amounting to malice, and in conscious disregard for PLAINTIFF's rights. DEFENDANTS' conduct warrants the assessment of punitive damages in an amount sufficient to punish DEFENDANTS and deter others from engaging in similar misconduct.

### Third Cause of Action

### FEHA- Failure to Prevent Discrimination, Harassment and Retaliation

### (Cal. Gov't Code §§12900, et seq., 12940(k))

(By PLAINTIFF Against ALL DEFENDANTS)

41.     PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

42.     DEFENDANTS are employers in the State of California, as defined in the FEHA, California Government Code sections 12900, et. seq. PLAINTIF is a member of a class of persons protected by the FEHA from employment discrimination on the basis of physical disability.

43.     PLAINTIFF was subjected to discrimination, and retaliation as set forth above in violation of the FEHA.

44.     DEFENDANTS' failure to take reasonable steps to prevent discrimination and retaliation was a substantial factor in causing PLAINTIFF's harm in violation of *California Government Code* § 12940(k). Courts have interpreted section 12940 (k) to encompass claims for failure to prevent retaliation in addition to harassment and discrimination because retaliation is a form of discrimination under FEHA. *Taylor v. City of Los Angeles Dept. of Water & Power* (Cal. App. 2d Dist. 2006) 144 Cal.App.4th 1216, 1240, disapproved on other grounds in *Jones v. The Lodge at Torrey Pines Partnership* (2008) 42 Cal. 4th 1158, 1174.

45.     As a direct and proximate result of DEFENDANTS' retaliatory conduct, PLAINTIFF was harmed and suffered general and special damages in an amount exceeding the jurisdictional minimum of the Superior Court, according to proof at trial.

COMPLAINT

46.    In bringing this action, PLAINTIFF has been required to retain counsel to represent her in this matter. Under *California Government Code* § 12965(b) he is entitled to an award of attorneys' fees.

47.    DEFENDANTS committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFF, from an improper and evil motive amounting to malice, and in conscious disregard for PLAINTIFF's rights. DEFENDANTS' conduct warrants the assessment of punitive damages in an amount sufficient to punish DEFENDANTS and deter others from engaging in similar misconduct.

**Fourth Cause of Action**

**Failure Violation – Failure to Provide Reasonable Accommodations**

**(Cal. Govt. Code §§ 12940(m), 12940 *et. seq.*)**

**(By PLAINTIFF against ALL DEFENDANTS)**

48.    PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

49.    While employed with DEFENDANTS, PLAINTIFF suffered from a condition that substantially limits one or more major life activities.

50.    DEFENDANTS were on notice of PLAINTIFF's condition that substantially limited at least one or more of PLAINTIFF's major life activities.

51.    Specifically, despite medical documentation, DEFENDANTS refused to honor PLAINTIFF's physical condition and terminated her after the needed time for recovery.

52.    PLAINTIFF was able to perform the essential job duties with reasonable accommodations.

53.    DEFENDANTs failed to provide reasonable accommodations.

54.    At all times mentioned herein, PLAINTIFF was willing to participate in an interactive process to determine whether reasonable accommodations could be made to enable performance of essential job requirements.

Page 10

COMPLAINT

55.    Despite having notice of PLAINTIFF's condition, and notice of PLAINTIFF's request for reasonable accommodations, DEFENDANTS failed to engage in a timely, good faith, interactive process with PLAINTIFF to determine effective reasonable accommodations for PLAINTIFF to continue working effectively in violation of California Government Code §12940(n).

56.    As a direct consequence of failing to engage in the interactive process with Plaintiff, DEFENDANTS correspondingly failed to reasonably accommodate Plaintiff.

57.    As a direct and proximate result of DEFENDANTS' conduct set forth above, PLAINTIFF's emotional well-being has suffered and will continue to suffer; PLAINTIFF has experienced and continues to experience emotional distress, in an amount to be proven at trial.

58.    PLAINTIFF has suffered and continues to suffer lost past and future earnings, other employment opportunities, employment benefits, and other damages; the precise amounts to be proven at trial.

59.    DEFENDANTS' conduct as described herein was malicious and oppressive and done with a conscious disregard for PLAINTIFF's rights. DEFENDANTS' acts were designed to humiliate and oppress PLAINTIFF, and they had that effect. DEFENDANTS condoned, ratified, and encouraged the unlawful conduct. Thus, PLAINTIFF is entitled to punitive damages against DEFENDANTS under California Civil Code Section §3294.

**Fifth Cause of Action**
**Failure to Engage in the Interactive Process**
**(Cal. Gov't. Code §§ 12940(m), 12940 et seq.)**
(By PLAINTIFF Against ALL DEFENDANTS)

60.    PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

61.    While employed with DEFENDANTS, PLAINTIFF suffered from a condition that substantially limits one or more major life activities.

62.    DEFENDANTS were on notice of PLAINTIFF's condition that

COMPLAINT

substantially limited at least one or more of PLAINTIFF's major life activities.

63.    PLAINTIFF requested that DEFENDANTS make reasonable accommodations for PLAINTIFF's condition so that PLAINTIFF would be able to perform the essential job requirements. PLAINTIFF requested leave to fully recover. PLAINTIFF was allowed to take her necessary leave and submitted all the required documents to DEFENDANTS, then terminated her.

64.    DEFENDANTS failed to engage in a timely, good-faith interactive process after PLAINTIFF disclosed disabilities and requested reasonable accommodations.

65.    At all times mentioned herein, PLAINTIFF was willing to participate in an interactive process to determine whether reasonable accommodations could be made to enable the performance of essential job requirements.

66.    DEFENDANTS failed to participate in a timely good-faith interactive process with PLAINTIFF to determine whether a reasonable accommodation could be made. As a direct consequence of failing to engage in the interactive process with PLAINTIFF, DEFENDANTS correspondingly failed to reasonably accommodate PLAINTIFF.

67.    As a direct and proximate result of DEFENDANTS' conduct as set forth above, PLAINTIFF's emotional well-being has suffered and will continue to suffer; PLAINTIFF has experienced and continues to experience emotional distress, in an amount to be proven at trial.

68.    PLAINTIFF has suffered and continues to suffer lost past and future earnings, other employment opportunities, employment benefits and other damages; the precise amounts to be proven at trial.

69.    DEFENDANTS' conduct as described herein was malicious and oppressive and done with a conscious disregard for PLAINTIFF's rights.

70.    DEFENDANTS' acts were designed to humiliate and oppress PLAINTIFF; and they had that effect. DEFENDANTS condoned, ratified, and

Page 12

COMPLAINT

encouraged the unlawful conduct. Thus, PLAINTIFF is entitled to punitive damages against DEFENDANTS under California Civil Code Section §3294.

**Sixth Cause of Action**

**Failure to Pay Reporting Time Wages**

(By PLAINTIFF Against ALL DEFENDANTS)

71.     PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

72.     On multiple occasions, PLAINTIFF was sent home early due to lack of work but was not paid for reporting time owed under wage orders.

73.     DEFENDANTS failed to pay PLAINTIFF reporting time wages for these shifts.

74.     As a result, PLAINTIFF has been deprived of rightfully earned wages as a direct and proximate result of DEFENDANTS' failure and refusal to pay said compensation. PLAINTIFF is entitled to recover such amounts, plus interest thereon, attorney's fees and costs and applicable civil and statutory penalties.

**Seventh Cause of Action**

**Failure to Reimburse PLAINTIFF for Expenditures Made on Employer's Behalf**

**(Cal. Lab. Code § 2802)**

(By PLAINTIFF Against ALL DEFENDANTS)

75.     PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

76.     DEFENDANTS failed to indemnify PLAINTIFF, as their employee, for all necessary expenditures or losses incurred by PLAINTIFF as a direct consequence of the discharge of work-related duties.

77.     As a proximate cause of DEFENDANTS' failure to indemnify or reimburse PLAINTIFF, PLAINTIFF has been deprived of compensation for work related expenses arising from and in direct consequence of the discharge of work duties and

Page 13

COMPLAINT

been damaged in an amount according to proof at the time of trial. PLAINTIFF is entitled to recover such amounts, plus all accruable interest thereon, attorney's fees and costs pursuant to *Labor Code* § 2802 et seq., plus statutory and civil penalties pursuant to the Labor Code and other applicable laws and regulations.

**Eighth Cause of Action**

**Failure to Furnish Compliant Wage Statements**

**(Labor Code §§ 226 and 226.3)**

(By PLAINTIFF Against ALL DEFENDANTS)

78.    PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

79.    DEFENDANTS failed to provide PLAINTIFF with timely and accurate wage statements pursuant to *Labor Code* § 226(a)(1)-(9) by failing to include one or more of the required items of information.

80.    DEFENDANTS are liable for statutory penalties and civil penalties pursuant to *Labor Code* §§ 226, 226.3 and 558 and the other applicable laws and regulations.

**Ninth Cause of Action**

**Waiting Time Penalties**

**(Cal. Lab. Code §§ 201 through 203)**

(By PLAINTIFF Against ALL DEFENDANTS)

81.    PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

82.    DEFENDANTS willfully failed to pay PLAINTIFF accrued wages and other compensation due to PLAINTIFF immediately upon termination, or within 72 hours of PLAINTIFF'S resignation.

83.    DEFENDANTS are liable for statutory and civil waiting time penalties of

Page 14

COMPLAINT

up to 30 days of pay pursuant to *Labor Code* § 203 and other applicable laws and regulations.

**Tenth Cause of Action**

**Failure to Produce Employment File**

**(Cal. Lab. Code §1198.5)**

(By PLAINTIFF Against ALL DEFENDANTS)

84.    PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

85.    Upon request by PLAINTIFF, DEFENDANTS failed to timely produce to PLAINTIFF's employment file pursuant to *Labor Code* §1198.5.

**Eleventh Cause of Action**

**Failure to Produce Wage Records**

**(Cal. Lab.  Code §226(b))**

(By PLAINTIFF Against ALL DEFENDANTS)

86.    PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

87.    Upon request by PLAINTIFF, DEFENDANTS failed to timely produce to PLAINTIFF's wage records pursuant to *Labor Code* §226(b).

**Twelfth Cause of Action**

**Unfair Competition**

**(Cal. Bus. & Prof Code §§ 17200 *et seq*.)**

(By PLAINTIFF Against ALL DEFENDANTS)

88.    PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

89.    Shareholders, owners, directors, officers and/or sole proprietors of DEFENDANTS misappropriated and converted to themselves for their individual

Page 15

COMPLAINT

advantage the unpaid wages and other monies owed to PLAINTIFF as alleged throughout this complaint.

90.    As a result of DEFENDANTS' unfair business practices, DEFENDANTS has reaped unfair benefits and illegal profits at the expense of PLAINTIFF, and members of the public.  DEFENDANTS' use of such unfair business practices constitutes unfair competition and provides an unfair advantage over DEFENDANTS' competitors. DEFENDANTS should be made to disgorge their ill-gotten gains and restore such monies to PLAINTIFF.

91.    DEFENDANTS' unfair business practices entitle PLAINTIFF to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge and restore to PLAINTIFF the compensation unlawfully withheld and for which DEFENDANTS were unjustly enriched.

## VI.

## PRAYER

WHEREFORE, PLAINTIFF prays for judgment against Defendants, and each of them, as follows:

1. For all damages according to proof, including but not limited to lost wages, lost benefits, emotional distress damages, and other compensatory damages recoverable under FEHA and California law;

2. For statutory penalties, interest, and other relief available under the California Labor Code, including but not limited to Labor Code sections 201–203, 226, 226.3, 226(b), 1198.5, and 2802, according to proof;

3. For civil penalties, restitution, and disgorgement pursuant to Business and Professions Code section 17200, et seq.;

4. For injunctive relief as permitted by law, including orders compelling compliance with California employment and record-production laws;

5. For reasonable attorneys' fees and costs as permitted by statute, including but not

Page 16

COMPLAINT

limited to Government Code section 12965(b) and Labor Code section 218.5;

6. For prejudgment interest as allowed by law;

7. For punitive damages against Defendants, where permitted, pursuant to Civil Code section **3294**; and

8. For such other and further relief as the Court deems just and proper.

Dated: December 23, 2025                    LAWYERS FOR EMPLOYEE &
                                            CONSUMER RIGHTS

                                            */s/ Monique Gramling*
                                            By: Monique Gramling
                                            Onyebuchi Okeke
                                            Attorneys for Plaintiff
                                            JENNIFER PHILLIPS

Page 17

COMPLAINT

SUM-100

AMENDED          **SUMMONS**
                 *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FEDEX GROUND PACKAGE SYSTEMS, INC., a Delaware corporation;
FEDERAL EXPRESS CORPORATION, a Delaware corporation,
successor by merger to FedEx Ground Package Systems, Inc.; DOES
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

1-100, inclusive

JENNIFER PHILLIPS, Plaintiff

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
2/4/2026
By: Stephanie Garcia, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* SAN BERNARDINO
274 West Third Street
San Bernardino CA 92415

CASE NUMBER:
*(Número del Caso):*
CIVSB2531811

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Onyebuchi Okeke, Esq., 3500 West Olive Ave., 3rd Floor, Burbank CA 91505; (323) 375-510

DATE:      2/4/2026              Clerk, by      /s/ Stephanie Garcia              , Deputy
*(Fecha)*                        *(Secretario)*                                   *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

PETITION AND NOTICE OF REMOVAL
EXHIBIT A, PAGE 68

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>Lawyers for Employee and Consumer Rights<br>Monique Gramling, SNB 315068<br>3500 West Olive Ave 3rd floor<br>Burbank , CA 91505<br>TELEPHONE NO:   (323) 375-5101          FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:   mgramling@lfecr.com<br>ATTORNEY FOR *(Name)*:   Plaintiff | *FOR COURT USE ONLY*<br><br>ELECTRONICALLY FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br>2/11/2026 3:44 PM<br>By: Jasmine Segura, DEPUTY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF    San Bernardino<br>STREET ADDRESS:   247 West 3rd St<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:   San Bernardino, 92415<br>BRANCH NAME:   San Bernardino-Justice Center | |

| PLAINTIFF / PETITIONER:   JENNIFER PHILLIPS<br>DEFENDANT / RESPONDENT:   FEDEX GROUND PACKAGE SYSTEM INC., et al. | CASE NUMBER:<br>CIVSB2531811 |
|---|---|

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>15143567 (27395819) |
|---|---|

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a.  ☐  Summons
    b.  ☐  Complaint
    c.  ☐  Alternative Dispute Resolution (ADR) Package
    d.  ☒  Civil Case Cover Sheet *(served in complex cases only)*
    e.  ☐  Cross-Complaint
    f.  ☒  Other *(specify documents)*:    First Amended Complaint, Amended Summons, Certificate of Assignment
3.  a.  Party served *(specify name of party as shown on documents served)*:
        FEDERAL EXPRESS CORPORATION, a Delaware corporation, successor by merger to FedEx Ground Package Systems, Inc.
    b.  ☒  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
        CT Corporation System - Jaqueline Mejia, Intake Specialist - Person Authorized to Accept Service of Process
4.  Address where the party was served:
    330 N Brand Blvd Suite 700, Glendale, CA 91203
5.  I served the party *(check proper box)*
    a.  ☒  **by personal service**. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:    Mon, Feb 09 2026          (2) at *(time)*:   12:38 PM
    b.  ☐  **by substituted service**. On *(date)*:                    at *(time)*:                    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

        (1)  ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
        (2)  ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
        (3)  ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
        (4)  ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:                    from *(city)*:                                          or ☐ a declaration of mailing is attached.
        (5)  ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | PROOF OF SERVICE OF SUMMONS | Page 1 of 2<br>Code of Civil Procedure, § 417.10 |
|---|---|---|

PETITION AND NOTICE OF REMOVAL
EXHIBIT A, PAGE 69

| PLAINTIFF / PETITIONER:    JENNIFER PHILLIPS | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:    FEDEX GROUND PACKAGE SYSTEM INC., et al. | CIVSB2531811 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service**. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date)*:                  (2)  from *(city)*:

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section)*:

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  ☐  as an individual defendant.

  b.  ☐  as the person sued under the fictitious name of *(specify)*:

  c.  ☐  as occupant.

  d.  ☒  On behalf of *(specify)*:     FEDERAL EXPRESS CORPORATION, a Delaware corporation, successor by merger to FedEx Ground Package Systems, Inc.

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒  416.10 (corporation) | ☐  415.95 (business organization, form unknown) |
| ☐  416.20 (defunct corporation) | ☐  416.60 (minor) |
| ☐  416.30 (joint stock company/association) | ☐  416.70 (ward or conservatee) |
| ☐  416.40 (association or partnership) | ☐  416.90 (authorized person) |
| ☐  416.50 (public entity) | ☐  415.46 (occupant) |
| ☐  other: | |

7.  **Person who served papers**

  a.  Name:             Zoe Roller

  b.  Address:        5341 Old Redwood Highway, Suite 310, Petaluma, CA  94954

  c.  Telephone number:    800-938-8815

  d.  **The fee** for service was:   $50.00

  e.  I am:

    (1)  ☐  not a registered California process server.

    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

    (3)  ☒  a registered California process server:

      (i)  ☐ owner  ☐ employee  ☒ independent contractor

      (ii)  Registration No:   2023100296

      (iii)  County:   Los Angeles

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   February 10, 2026

Zoe Roller

_____

(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
5341 Old Redwood Highway, Suite 310
Petaluma, CA  94954
800-938-8815

_____

(SIGNATURE)

PETITION AND NOTICE OF REMOVAL
EXHIBIT A, PAGE 70

EXHIBIT B
PETITION AND NOTICE OF REMOVAL

JANE M. FLYNN, ESQ. (SBN 167466)
jane.flynn@fedex.com
**FEDERAL EXPRESS CORPORATION**
2601 Main Street, Suite 1100
Irvine, CA 92614
Telephone: (949) 862-4643
Facsimile: (901) 492-5641

Attorney for Defendant
FEDERAL EXPRESS CORPORATION, successor in
interest by merger to FEDEX GROUND PACKAGE
SYSTEM, INC.

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| JENNIFER PHILLIPS, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>FEDEX GROUND PACKAGE SYSTEM INC., a Delaware Corporation; FEDERAL EXPRESS CORPORATION, a Delaware corporation, successor by merger to FedEx Ground Package Systems, Inc.; DOES 1-100, inclusive,<br><br>    Defendants. | **Case No. CIVSB2531811**<br><br>Assigned for all Purposes to the Honorable Joseph T. Ortiz<br>Dept. S17<br><br>**FEDERAL EXPRESS CORPORATION'S ANSWER TO THE UNVERIFIED FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: November 6, 2025<br>Trial Date:  Not Set |

Defendant Federal Express Corporation, successor in interest by merger to FedEx Ground Package System, Inc. on behalf of itself and no other defendant hereby Answers the unverified First Amended Complaint for Damages of Plaintiff Jennifer Phillps ("Plaintiff") on file herein as follows:

### GENERAL DENIAL

Pursuant to California Code of Civil Procedure §431.30(d), Defendant denies, generally and specifically, each and every allegation set forth in Plaintiff's Complaint and each purported cause of action contained therein. Defendant further denies, generally and specifically, that Plaintiff has been damaged in the sums alleged or in any sum at all as a result of the alleged acts, omissions or other

conduct of FedEx, FedEx's agents, employees or independent contractors, and Defendant denies Plaintiff is entitled to any of the relief sought against Defendant in the Complaint. Defendant further denies it is in any way liable to Plaintiff or that it acted or failed to act so as to be the legal cause of any damage to Plaintiff. By pleading the separate defenses set forth below, Defendant does not admit that it the burden or production of proof with respect to any such defenses.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Complaint, and to the purported causes of action therein, Defendant alleges and avers the following:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.    The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

2.    The Complaint is barred by the applicable statutes of limitations, including, but not limited to, California Civil Code of Procedure §§ 335.1, 338, 340, 343, California Government Code § 12960 and 12965, as well as any other applicable statute of limitation.

### THIRD AFFIRMATIVE DEFENSE

### (Laches)

3.    The Complaint is barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4.    Plaintiff is estopped, by reason of his conduct and actions, from asserting each and any of the alleged claims herein.

### FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

5.    Plaintiff waived the right, by reason of his conduct and actions, to assert his alleged claims herein.

(324769)                                          2                      ANSWER TO FIRST AMENDED COMPLAINT

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

6.    The Complaint is barred, in whole or in part, by Plaintiff's unclean hands and California Civil Code § 3517.

## SEVENTH AFFIRMATIVE DEFENSE

### (Contractual Limitation)

7.    The Complaint is barred, in whole or in part, by the applicable contractual limitation set forth in the written Employment Agreement signed by Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Intra-Organizational Remedies)

8.    Plaintiff is not entitled to relief for the claims alleged in the Complaint, because Plaintiff did not exhaust the remedies available through Defendant's grievance procedures.

## NINTH AFFIRMATIVE DEFENSE

### (Uncertainty)

9.    Plaintiff's losses, if any, are speculative and uncertain or both, and therefore not compensable.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

10.    Plaintiff failed, refused and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Jurisdiction)

11.    To the extent that Plaintiff makes allegations or claims which were not made the subject of a timely complaint against Defendant with the California Department of Fair Employment and Housing ("DFEH") and/or the Equal Employment Opportunity Commission ("EEOC"), the Court lacks jurisdiction with respect to any such allegations or claims.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

(324769)                                      3

ANSWER TO FIRST AMENDED COMPLAINT

## TWELFTH AFFIRMATIVE DEFENSE

### (Mixed Motion / Same Decision)

12.    Plaintiff is not entitled to recover damages, backpay or reinstatement because Defendant would have made the same decisions regarding plaintiff's employment in the absence of harassing, discriminatory or retaliatory motives, which it denies existed. *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203, 211.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

13.    Plaintiff is not entitled to relief on his statutory claims because Plaintiff failed to exhaust his administrative remedies under California Government Code § 12960(d).

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Not a Qualified Individual)

14.    Plaintiff's Complaint and each cause of action therein is barred because Plaintiff is not and was not a qualified individual with a disability within the meaning of the California Fair Employment and Housing Act, California Government Code §12940, *et seq*.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Disability)

15.    Plaintiff's claim for disability discrimination fails, because Plaintiff did not suffer from a qualified disability as defined by the FEHA.  CAL. GOV'T CODE §§ 12940 and 12945.2.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff Unable to Perform Duties)

16.    Plaintiff's Complaint and each cause of action therein are barred because Plaintiff, because of his alleged disability is unable to perform the essential duties of the position in question, even with reasonable accommodation.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Request a Reasonable Accommodation)

17.    Plaintiff's Complaint and each cause of action therein are barred because Plaintiff failed to request reasonable accommodation of his alleged disability.

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

(324769)                4                ANSWER TO FIRST AMENDED COMPLAINT

PETITION AND NOTICE OF REMOVAL
EXHIBIT B, PAGE 74

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Reasonable Accommodation)**

18.    Plaintiff's Complaint and each cause of action therein are barred because Defendant reasonably accommodated his alleged disability.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Requested Accommodation Unreasonable)**

19.    Plaintiff's Complaint and each cause of action therein are barred because Plaintiff's requested accommodation, if any, was unreasonable.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Undue Hardship)**

20.    Plaintiff's causes of action are barred, in whole or in part, because Defendant's accommodation of Plaintiff's disability would cause an undue hardship.  CAL. GOV'T CODE § 12940(m).

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Consent)**

21.    The Complaint, and each cause of action alleged therein, is barred on the grounds Plaintiff consented to the conduct about which he now complains.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Plaintiff's Failure to Utilize Policy)**

22.    Plaintiff's causes of action are barred, in whole or in part, because Defendant at all relevant times, exercised reasonable care to prevent and correct any discriminatory, harassing, or retaliatory behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Decisions Based on Legitimate Reasons)**

23.    Plaintiff's Complaint is barred on the grounds that any decisions made by Defendant with respect to Plaintiff's employment were reasonably based on legitimate, non-discriminatory, non-retaliatory reasons.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

(324769)                                          5

ANSWER TO FIRST AMENDED COMPLAINT

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Treatment No Different in the Absence of Unlawful Motive)**

24.     Plaintiff's Complaint is barred on the grounds that even assuming, *arguendo*, that any unlawful motive existed, which it did not, Plaintiff would have been treated no differently in the absence of such discriminatory or retaliatory motives.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

25.     The Complaint and each cause of action set forth therein are barred, because Defendant acted reasonably, in good faith, and without malice based upon all relevant facts and circumstances known by Defendant at the time it acted.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Business Necessity)**

26.     The Complaint and each cause of action set forth therein are barred because all conduct toward Plaintiff was undertaken by reason of business necessity and/or for lawful business reasons.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

27.     The Complaint and each cause of action set forth therein are barred, or any recovery should be reduced, pursuant to the avoidable consequences doctrine because Defendant took reasonable steps to prevent and correct unlawful employment actions, Plaintiff unreasonably failed to use the preventative and corrective opportunities provided by Defendant, and reasonable use of Defendant's procedures would have prevented at least some, if not all, of the harm that Plaintiff allegedly suffered.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Wrongful Acts Outside of Course and Scope of Employment)**

28.     The Complaint and each cause of action set forth therein cannot be maintained against Defendant because if Defendant's employees took the actions alleged, such actions were committed outside the course and scope of such employees' employment, and were not authorized,

(324769)                                  6

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

ANSWER TO FIRST AMENDED COMPLAINT

adopted, or ratified by Defendant.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Good Faith Belief and Justification)

29.    Defendant's actions with respect to the subject matter in each of the alleged causes of action were undertaken in good faith and for good cause, with the absence of malicious intent to injure Plaintiff, and constitute lawful, proper, and justified means to further the sole purpose of Defendant to engage in and continue business activities.  By reason thereof, Plaintiff's Complaint is barred, in whole or in part, from recovery on any of the alleged causes of action.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedy Provided by Employer)

30.    The Complaint, and the causes of action alleged therein, is barred because Plaintiff failed to exhaust the available exclusive administrative remedies provided to his by Defendant.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Decision Based on Understood Facts after Investigation)

31.    The Complaint is barred by the fact that any decisions made by Defendant with respect to Plaintiff's employment were reasonably based on the facts as Defendant understood them after a reasonable, good faith investigation.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause and Failure to Exercise Ordinary Care by Plaintiff)

32.    If any loss, injury, damage or detriment occurred as alleged in the Complaint, the loss, injury, damage or detriment was caused and contributed to by the actions of Plaintiff, and, as Plaintiff did not exercise ordinary care on his own behalf, his own acts and omissions proximately caused and contributed to the loss, injury, damage or detriment alleged by Plaintiff and Plaintiff's recovery from Defendant, if any, should be reduced in proportion to the percentage of Plaintiff's negligence or fault.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Defendant Acted Promptly to Prevent and Correct Behavior)

33.    Plaintiff's causes of action are barred, in whole or in part, because Defendant (a)

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

(324769)                          7

ANSWER TO FIRST AMENDED COMPLAINT

exercised reasonable care to promptly prevent and correct any alleged discriminatory behavior, and (b) Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Labor Code § 2856 – Plaintiff Did Not Substantially Comply with Employer's Directions)

34.     Plaintiff is not entitled to relief for the claims alleged in the Complaint, because Plaintiff did not substantially comply with all the directions of his employer concerning the service in which Plaintiff was engaged, even though obedience was not impossible or unlawful and did not impose new and unreasonable burdens upon Plaintiff.  CAL. LAB. CODE § 2856.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Labor Code § 2858 – Plaintiff Did Not Exercise a Reasonable Degree of Skill)

35.     Plaintiff is not entitled to relief for the claims alleged in the Complaint, because Plaintiff did not exercise a reasonable degree of skill in his employment.  Cal Lab. Code § 2858.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences – No Damages)

36.     Plaintiff's prayers for general damages, special damages, punitive and exemplary damages regarding each cause of action stated in the Complaint under California law are barred by the doctrine of avoidable consequences, as set forth in *State Department of Health Services v. Superior Court (McGinnis)*, 31 Cal. 4th 1026 (2003), on the grounds that Plaintiff unreasonably failed to make use of Defendants' anti-retaliation procedures by failing to timely and properly report any alleged retaliation, and Plaintiff's damages would have been avoided in whole or in part by reasonable use of these procedures.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

37.     Plaintiff has failed to mitigate her damages, if any, as required by law.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Liability of Defendant)

38.     If any loss, injury, damage, or detriment occurred as alleged in the Complaint, the

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

(324769)                                          8

ANSWER TO FIRST AMENDED COMPLAINT

PETITION AND NOTICE OF REMOVAL
EXHIBIT B, PAGE 78

loss, injury, damage or detriment was not caused by, authorized or in any way ratified by any Defendant, and therefore, Defendant cannot be liable for the loss, injury, damage or detriment alleged.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Exclusivity of Workers Compensation Statute)

39.     Plaintiff is not entitled to recover any compensatory or other monetary damages from Defendant for the alleged injuries on the grounds that Plaintiff's exclusive remedy for such alleged injuries arises under the California Workers' Compensation Act, and exclusive jurisdiction over such claims is vested in the California Workers' Compensation Appeals Board, and that Plaintiff failed to exhaust his remedies, if any, under the California Workers' Compensation Act or before the California Workers' Compensation Appeals Board.

## FORTIETH AFFIRMATIVE DEFENSE

### (No Punitive Damages against Defendant)

40.     Plaintiff is not entitled to recover punitive or exemplary damages from Defendant for the alleged acts referred to in the Complaint on the grounds that said acts, if any, were performed by an employee of Defendant and that none of Defendant's officers, directors or managing agents committed the alleged acts, nor authorized them, nor ratified them, nor did Defendant or its officers, directors or managing agents have advance knowledge of the unfitness, if any, of the employee or employees who allegedly committed said acts, nor did Defendant employ said employee with a conscious disregard of the rights or safety of others.  CAL. CIV. CODE § 3294.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional in This Action)

41.     Plaintiff is not entitled to recover any punitive or exemplary damages as prayed for in the Complaint on the grounds that any award of punitive or exemplary damages under California law in general and/or any such award under California law as applied to the facts of this specific action would violate Defendant's constitutional rights under provisions of the United States and California Constitutions, including but not limited to the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

(324769)                                             9

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

ANSWER TO FIRST AMENDED COMPLAINT

**FORTY-SECOND AFFIRMATIVE DEFENSE**

**(Failure to Allege Facts Sufficient to Support Punitive Damages)**

42.    Plaintiff is not entitled to recover punitive or exemplary damages herein, because Plaintiff have failed to allege facts sufficient to state a claim for punitive or exemplary damages or to show that Defendant is guilty of oppression, fraud, or malice. CAL. CIV. CODE § 3294.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

43.    Plaintiff's action and purported damages resulting from the alleged wrongful acts are limited by the after-acquired evidence doctrine.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

**(Offset / Setoff / Recoupment)**

44.    Defendant alleges it is entitled to a credit, offset, setoff or recoupment for any amounts paid or overpaid to Plaintiff.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

**(Expenses Not Reasonable and/or Necessary Under the Circumstances)**

45.    he claims of Plaintiff, and those he seeks to represent, are barred because the expenses at issue were not reasonable and/or necessary under the circumstances.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

**(Consent)**

46.    The claims of Plaintiff, and those he seeks to represent, are barred by Plaintiffs' voluntary decision not to seek reimbursement of cellphone expenses as required by FedEx policy.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith, Reasonable Belief)**

47.    The Complaint cannot be maintained because, without admitting any violation took place, any violation of the California Labor Code or associated regulations, orders, or guidance was an act or omission made in good faith, and Defendant had reasonable grounds to believe any act or omission did not violate the California Labor Code.

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

(324769)                                    10

ANSWER TO FIRST AMENDED COMPLAINT

PETITION AND NOTICE OF REMOVAL
EXHIBIT B, PAGE 80

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Willful or Intentional Failure to Reimburse)

48.    Defendant did not willfully or intentionally fail to reimburse reasonable and necessary business expenses to justify any awards of penalties or fees.

## FORTY-NINETH AFFIRMATIVE DEFENSE

### (Legitimate Business Purpose)

49.    Defendant cannot be liable for any alleged violation of California Business and Professions Code section 17200 et. seq., because any action, conduct, and/or dealings with Plaintiff, if any, were lawful and carried out in good faith and for legitimate business and economic considerations.

## FIFTIETH AFFIRMATIVE DEFENSE

### (Safe Harbor)

50.    Plaintiff's claim based upon California Business and Professions Code section 17200 et. seq., is barred because the conduct alleged falls within a safe harbor.

## FIFITY-FIRST AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

51.    Because Plaintiff's causes of action are stated in vague and conclusory terms, Defendant cannot fully anticipate each affirmative defense that may be applicable to this action. Accordingly, Defendant asserts his right to plead additional affirmative defenses, if and to the extent that such affirmative defenses are available.

WHEREFORE, Defendant prays for judgment as follows:

1.    That judgment be entered in favor of Defendant and against Plaintiff;

2.    That the Complaint herein be dismissed in its entirety with prejudice;

3.    That Defendant be awarded its costs of suit herein;

4.    That Defendant be awarded reasonable attorneys' fees as determined by the Court; and

5.    For such other and further relief as the Court may deem just and proper.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

(324769)                                    11

ANSWER TO FIRST AMENDED COMPLAINT

DATED:  March 9, 2026

Respectfully submitted,

*/s/ Jane M. Flynn*

By: _____

JANE M. FLYNN
Attorney for Defendant
FEDERAL EXPRESS CORPORATION,
successor in interest by merger to FEDEX
GROUND PACKAGE SYSTEM, INC.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

(324769)

12

ANSWER TO FIRST AMENDED COMPLAINT

**PROOF OF SERVICE**
*Jennifer Phillips v. Federal Express Corp.*
Case No. CIVSB2531811

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Federal Express Corporation, 2601 Main Street, Suite 1100, Irvine, California 92614.

On March 9, 2026, I served the within document(s): **FEDERAL EXPRESS CORPORATION'S ANSWER TO THE UNVERIFIED FIRST AMENDED COMPLAINT**

| | |
|---|---|
| ☑ | By transmitting electronically document(s) listed above to the email address(es) listed below. |
| ☐ | By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below. |
| ☐ | By arranging with First Legal Attorney Service to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☐ | By placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed to the plaintiff as follows for collection by Federal Express for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 1100, Irvine, California 92614, in accordance with Federal Express Corporation's ordinary business practices. |

Monique Gramling SBN 315068
Onyebuchi Okeke SBN 338730
Lawyers for Employee and Consumer Rights
3500 West Olive Avenue, Third Floor
Burbank, CA 91505
Phone: (323) 375-5101
Fax: (323) 306-5571
mgramling@lfecr.com
**Attorney for Plaintiff, Jennifer Phillips**

☑     *(State)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 9, 2026, at Irvine, California.

*/s/ Amy Bondi*
Amy Bondi

(324769)                                    13

ANSWER TO FIRST AMENDED COMPLAINT

# CERTIFICATE OF SERVICE
*Jennifer Phillips v. Federal Express Corporation*

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Federal Express Corporation, 2601 Main Street, Suite 1100, Irvine, California 92614.

On March 10, 2026, I served the within document(s): **DEFENDANT'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER ARTICLE III OF THE U.S. CONSTITUTION AND 28 U.S.C. §§ 1332, 1441 AND 1446**

| | |
|---|---|
| ☑ | With the Clerk of the Court for the United States District Court-Central District of CA by using the Court's CM/ECF system and that service will be accomplished by the court's CM/ECF system to the person(s) as set forth below. |
| ☐ | By transmitting electronically document(s) listed above to the email address(es) listed below. |
| ☑ | By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below. |
| ☐ | By arranging with First Legal Attorney Service to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☐ | By placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed to the plaintiff as follows for collection by Federal Express for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 1100, Irvine, California 92614, in accordance with Federal Express Corporation's ordinary business practices. |

Onyebuchi Okeke SBN 338730
Lawyers for Employee and Consumer Rights
3500 West Olive Avenue, Third Floor
Burbank, CA 91505
Phone: (323) 375-5101
Fax: (323) 306-5571
ookeke@lfecr.com; gnunez@lfecr.com
kmyers@lfecr.com; nlyons@lfecr.com

**Attorney for Plaintiff, Jennifer Phillips**

☑ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 10, 2026, at Irvine, California.

*/s/ Amy Bondi*
Amy Bondi

(324769)

12

PETITION AND NOTICE OF REMOVAL